Battle, J.
 

 This is an information filed on behalf of the State by the plaintiff, as solicitor of the second judicial circuit, in the Superior Court of law for the county of Craven, against the defendant, to enquire by what warrant the company is now exercising its corporate franchises, it being alleged that it has forfeited them. The information was filed by leave of the Court, first had and obtained. The defendant appeared, by attorney, and put in an answer, and upon the hearing in the Court below, the information
 
 pro
 
 forma, was ordered to be dismissed at the plaintiff’s costs; and the plaintiff appealed to the Supreme Court.
 

 Upon the argument here, it was objected that the information was improperly filed by a solicitor, and it is contended that it must be dismissed, because it was not instituted under the order of the General Assembly, or the Governor, or the Attorney General of the State, as directed by the 25th section of the 26th chapter of the Eevised Code. The objection is, we think, well taken, and is fatal to the proceeding in the present form. The information is in the nature of a writ of
 
 quo
 
 warrcmto, instituted on the behalf of the sovereign, and it can be used only in the cases and in the manner prescribed by the sovereign. It follows that, as the Legislature has prescribed in the chapter and section of the Eevised Code, to which
 
 *478
 
 reference has been made, that an information filed against a corporation for the purpose of having its franchises declared to have been forfeited by abuse or neglect, must be by the sanction of the General Assembly, or the Governor, or the Attorney-General, it cannot be filed by any other authority or by any other officer. There are, indeed, cases in which an information in the nature of a writ of
 
 quo
 
 warranto, may be filed by a solicitor as well as by the Attorney-General, bj.it it is in consequence of an express provision of law to that effect. Thus, when a person usurps an office, or intrudes into it, or is found unlawfully holding or executing it, the 95th chapter of the Revised Code, section 101st, authorises the Attorney-General or a solicitor for the state,do institute a proceeding of this kind against him for the purpose of trying his right to it. The authority thus given expressly to a solicitor, in a particular case, is an irresistible argument to prove that he has it not in other cases, where it is not only not given to him, but expressly conferred upon another.
 

 The order, dismissing the information, is affirmed, but it is reversed as to the costs. In a matter of a public nature, the officer, who acts for the State, does not pay costs to the other party;
 
 State
 
 v.
 
 King,
 
 1 Ire. 22;
 
 State
 
 v. Banner, Busb. 257.
 

 Per Curiam,
 

 Information dismissed.