## STATE, *ex rel.* BULL, *vs.* COUNTY TREASURER.

Where, under a proceeding by *mandamus* to compel the County Treasurer to receive the bills of a certain bank in payment of taxes, the issues are tried by the Circuit Judge, the relator is not entitled to costs, though the judgment is in his favor.

BEFORE CARPENTER, J., AT RICHLAND, DECEMBER, 1876.

These were petitions by N. A. Bull and several others for writs of *mandamus* to compel the County Treasurer of Orangeburg

County to receive bills of the Bank of the State of South Carolina in payment of their taxes.

The issues were tried before His Honor at Chambers, who made an order directing the writ of *mandamus* as prayed for to issue, and he subsequently made an order that the County Treasurer "do allow and pay out as costs out of the proper funds of his County to the attorneys in each of the cases the sum of $15.

The relators appealed on the grounds:

1. That the costs followed the judgments in each of the cases as of course.

2. Because His Honor erred in holding that the costs should be paid by the Treasurer out of the "proper funds;" whereas it is submitted the judgment for costs should have been against the respondent personally.

3. Because His Honor erred in undertaking to fix the amount of costs; whereas it is submitted, the issues being decided, the costs should have been referred to the Clerk of the Court for taxation.

*DeTreville, Izlar & Dibble, Glover & Glover*, for appellants.

*Conner*, Attorney General, contra.

April 17, 1878.   The opinion of the Court was delivered by

HASKELL, A. J.   The several cases above named were heard together and comprehended in one order in the Court below, and were so heard and will be decided together in this Court.   The appeal brings up for review the order for costs in these cases.   The conclusions arrived at will be briefly stated, reference being made to several cases in which the subject generally has been elaborately discussed.

Costs *eo nomine* did not exist at common law, but are the creature of statute, and originated in the statute of 6 Edward I, generally known by the name of the Statute of Gloucester.   Costs were given to the plaintiff as *ex pensa litis* in certain actions therein named and in all other cases where damages were then recoverable either by common law or by precedent statutes.—2 Sell. Pr., 428; 3 Salk., 114.

The Statute of Gloucester has always been of force in this State and is the source whence a plaintiff's right to recover costs has proceeded except where derived from subsequent legislation.

By an Act commonly called the Code of Procedure, passed March 1, 1870, it was enacted (Section 329): "All statutes establishing or regulating the costs or fees of attorneys, solicitors and counsel in civil actions are repealed, and hereafter the measure of such compensation shall be left to the agreement, express or implied, of the parties. But there may be allowed to the prevailing party upon the judgment certain sums by way of indemnity for his expenses in the action, which allowances are, in this Act, termed costs."

The Act is divided into two parts, which are called "Part I—Of the Courts of Justice and their Jurisdiction," and "Part II—Of Civil Actions." The Section above cited occurs in "Part II—Of Civil Actions," and the term "costs" as used in the Code of Procedure can only mean "allowances" as therein provided, and extends only to "civil actions" in the sense in which those words are used in the Code. Although the writ of *mandamus* has been removed from the Court of Sessions to the Court of Common Pleas by the Constitution, (Art. 4, Sec. 15 ; *McIver* vs. *The State*, 2 S. C., 1,) it might still be a question whether *mandamus* is a "civil action" within the meaning of Part II of the Code of Procedure or a special proceeding (Section 3 of same Act, preceding both Part I and Part II,) to which Part II does not relate. But the question is settled by Section 475 of Part II, Revised Statutes, page 687, which provides that, "until the Legislature shall otherwise provide, the second part of this Act shall not affect proceedings by *mandamus* or prohibition." The question, therefore, of costs in *mandamus*, the amount and the taxation of the amount, are not to be determined by the Code but by the law as it stood when the Code was adopted, unless changed by subsequent legislation. There are no costs in *mandamus* by the Statute of Gloucester, and no costs were to be had in such proceeding until by the Statute of 9 Ann, Chapter 20, 2 Stat., 568, "An Act for rendering the proceedings upon writs of *mandamus* and informations in the nature of a *quo warranto* more speedy and effectual, &c.," made of force in this State by Section 11 of Act of 1712, 2 Stat., 415, which directs how the pleadings and proceedings shall be and allows damages and costs to be had. It will be seen by examining the Act that the measure of the damages and costs in a proceeding by *mandamus* at the time of the adoption of the Code was the damages and costs which might have been prior to the Code recovered in an action on

the case for a false return. The rule remained the same unaffected by the Code, regulated as to amount of costs by the fee bill as it then stood and as to the right to costs by the Statute of Ann.

It is true that in the republished laws contained in the General Statutes (p. 547, Rev. Stat.,) the words damages and costs, as in "civil action," are substituted for the words damages and costs, as in an "action on the case for a false return." But this cannot mean "civil action," as treated of in Part II of the Code, for Section 475 precludes this construction; nor do "costs," as the term is used in these republished and re-enacted provisions of the Statute of Ann, exist in a "civil action" under the Code, which is conducted by an entirely different system of pleading, and the "allowances" made for items which cannot occur in a bill of costs in *mandamus*. Civil action is an ancient term, and the civil action to which reference is made (p. 547, Rev. Stat.,) must be traced by going back to the Act from which the portion of the General Statutes in question derives its origin, and it is found to be an "action on the case" under the old practice. Section 475 of the Code is strong in its meaning, and is yet more forcible when considered in connection with Section 443 of the Code. Proceedings by *mandamus* and by *quo warranto* were formerly both regulated by the Statute of Ann. By Section 443 of the Code proceedings by *quo warranto* are abolished and the remedy made obtainable by civil action as prescribed in the Code, Part II. Thus one-half of the Act is abolished and the remedy under the Code substituted, while by Section 475 *mandamus* is expressly excluded from the Code and the law left unchanged. All these Sections recur in the General Statutes. Such a plain declaration cannot be overcome by implication. If the relator is entitled to costs in this case, it is under the statute which we have been discussing. Costs are in the nature of a penalty, and subject, therefore, to strict construction. It does not appear that the Judge imposed any condition for costs when he granted the writ.

The law in the case of *The Town Council of Beaufort* vs. *Danner*, (1 Strob., 176,) in proceeding by writ of prohibition, is applicable to this case. If the relator looks outside of the statute for costs, he cannot recover costs under the statute, for costs are allowed to the plaintiff only in case a verdict be found in his favor or judgment be given for him upon a demurrer, or by default. There is here no judgment upon demurrer, none by default, nor a verdict, for there was no trial by jury; hence, no damages. The pleading

is confined to a petition and a return. It might be said in this case as it was said, *mutatis mutandis*, in *The Town Council of Beaufort* vs. *Danner et al:* "There has been in effect simply a motion made, inquiry had, and the motion refused." Here it was granted. The reference to the Clerk was by agreement; if under the Code, it was a mistake; if for the convenience of parties, without authority of law, it is no ground for costs. The costs allowed by law in *mandamus* are attached to proceedings which have not been carried out in this case; hence, no costs are due.

In the case of the *Greenville and Columbia Railroad Company* vs. *Partlow*, (6 Rich., 286,) although a trial by jury was had, under the provisions of the charter, to assess the value of property, verdict and judgment rendered with the right of appeal, it was held that costs did not attach as a matter of right, and that it seemed to be the intention of the Act that costs should be omitted.

The converse is true. Where the Act defines the circumstances under which costs shall be recovered and the parties fail to pursue the course indicated, the intention is plain that costs shall not be allowed. But the case of *Railroad* vs. *Partlow* is referred to chiefly because it discusses the entire subject. The case of the *State*, ex rel. *Tavel*, vs. *Jervey* (4 Strob., 304,) was a case where prohibition was sought against a public officer. An issue was made up and a verdict had in favor of the relator. Costs were denied him upon the ground that a public officer could not be held personally liable for the consequences of honest mistake of judgment. We do not consider the cases as analogous, for the statute makes a line of distinction between the two proceedings, and allows damages and costs in *mandamus* when issue joined and verdict had or upon judgment.

But the separate opinions of Wardlaw, J., and O'Neall, J., strengthen the principles indicated by the conclusions arrived at in the present case. The one concurred in denying costs, not upon the ground above stated, but because, although there was an issue joined, which is the first essential, and damages found, yet the damages were not for sufficient amount to entitle the party to costs, (Act 1747, P. L., 214); the other, O'Neall, concurred because in his opinion there was no feigned issue, but a mere proceeding by declaration in prohibition.

*A fortiori*, when relator waives the issue, dispenses with the pleadings and the trial by jury, and goes to hearing on the merits and gets his order, he cannot get his costs for the trial which was not had.

It is unnecessary to dwell upon the second and third grounds of appeal.

The order to the respondent to pay the costs out of the proper funds of the County is a nullity. The Court has not power over either persons or property not properly before it as party or subject in the action; neither is the County a party nor are the County funds involved in the proceeding.

As to taxation of the costs, the third ground of appeal, that is immaterial after what has been decided. The Clerk, however, is the ministerial officer of the Court in the taxation of costs, and it does not appear that the Court would be precluded from performing the duties.

For the reasons above stated, the entire order is set aside.

*Willard*, C. J., and *McIver*, A. J., concurred.