WILLIAM P. E. WYSE *vs.* GEORGE W. YELLOTT,
JAMES RITTENHOUSE, ASA B. GARDINER,
JR., ET AL., CONSTITUTING THE SO-CALLED GOOD
ROADS COMMISSION OF BALTIMORE COUNTY,
AND HENRY G. SHIRLEY, STYLING
HIMSELF CHIEF ENGINEER OF SAID
THE GOOD ROADS COM-
MISSION.

*Unconstitutional Laws: injunction by taxpayers against officials; individually; costs.*

An injunction may be issued at the instance of a taxpayer to enjoin the individuals, or officials named in an act, from carrying out any of its provisions, or contracting any obligations thereunder, where the act is unconstitutional and void.

p. 465

On a bill to test the constitutionality of an Act, and to enjoin the officers named in the Act from acting under it, if the officers are sued individually, the law is declared unconstitutional, it is inequitable to impose the costs upon them.   p. 465

*Decided January 17th, 1913.*

Appeal from the Circuit Court of Baltimore County, sitting in Equity (DUNCAN and HARLAN, JJ.).

The faces are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, BURKE, THOMAS, PATTISON and STOCKBRIDGE, JJ.

*Randolph Barton, Jr.,* for the appellant.

*Osborne I. Yellott,* for the appellees.

BURKE, J., delivered the opinion of the Court.

Chapter 345 of the Acts of 1912 created a commission known as the Good Roads Commission of Baltimore County, and charged it with the duty of construction. a system of improved public roads and bridges in that county. It appointed James Rittenhouse, George W. Yellott and Asa B. Gardiner, Jr., as commissioners, and declared that they and their successors should constitute said commission. These gentlemen qualified as prescribed by the Act, and entered upon the discharge of their duties.

The Act conferred upon the commission large powers. It was authorized to contract with any person or corporation in furtherance of the duties and objects of the Act; to buy machinery and supplies in connection with the work authorized to be done, and to employ attorneys, clerks, stenographers, workmen, etc.

Said commission might sue and be sued in all matters pertaining to the highways and bridges over which it was given control; but any judgment or decree rendered against it for negligence or breach of duty imposed by the Act, or for the breach on its part of any contract entered into by it, was required to be paid by the County Commissioners of Baltimore County.

The salary of each commissioner was fixed at two thousand dollars per annum, and their salaries, as well as those of its counsel, secretary and other office assistants, together with all its office expenses, were directed to be paid by the County Commissioners out of the general road and bridge fund of the county. The County Commissioners were directed to issue bonds to the amount of one million five hundred thousand dollars, which, when issued, were declared to be a lien upon the assessable property of the county, the proceeds realized from the sale of the bonds were to be used in the completion of the road and bridge work provided for by the act.

On April 18th, 1912, the commission organized, and provided for the employment of a secretary at a salary of fifteen

hundred dollars per annum, a stenographer and typewriter at nine hundred dollars per year, and a counsel to assist in the organization and preliminary work of the commission, and expended some money in connection therewith.

On May 3rd, 1912, the appellant, a resident taxpayer of Baltimore county, filed his bill of complaint in which he asked that the said Good Roads Commission, and Henry G. Shirley, its Chief Engineer, be restrained and enjoined from exercising or attempting to exercise any powers by virtue of the provisions of said Act, and from expending any money belonging to, doing any acts, or contracting any obligations in the name of Baltimore county in pursuance of any powers supposed to be vested in them by said Act. The ground upon which this relief was prayed was that the Act was unconstitutional and void, and its validity was assailed upon a number of grounds stated in the bill.

The Court sustained the demurrer filed by the defendants, and dismissed the bill, and from this order the plaintiff has appealed.

For the reasons stated in the opinion hereafter to be filed in the case of *Painter et al.* v. *Charles L. Mattfeldt, Henry P. Mann and William F. Coghlan,* the County Commissioners of Baltimore County, which was instituted by taxpayers to restrain the issuance of the bonds above mentioned, and in which the validity of this Act is considered, the order appealed from will be reversed, and the cause remanded, with directions to the lower Court to grant the injunction prayed for. The defendants are sued in their capacity as members of the Good Roads Commission, and inasmuch as we have declared that commission invalid, it would be inequitable to impose the costs upon the defendants individually, and, therefore, no order as to costs will be passed.

*Order reversed and cause remanded.*