# Richmond

## GENERAL BOARD OF STATE HOSPITALS FOR THE INSANE V. ROBERTSON, COMMITTEE OF ROWE.

### November 20, 1913.

1. TRUSTS AND TRUSTEES—*Interest in Trust Subject—Insane Persons—Suit by Committee.*—The right of maintenance, either entire or partial, in a trust fund constitutes such a proprietary right in the fund as entitles the beneficiary to the protection of the courts with respect to it, and where this right is vested in an insane person, his committee is the proper person to sue for its preservation and protection.  Code, section 1697.

2. INSANE PERSONS—*State Hospitals—Trustee for Beneficiaries.*—A State hospital for the insane in this State is suable in its private capacity, and where it has seen fit to accept a trust, it stands on the same footing with respect to it as any other trustee.  The legislature may prohibit it from accepting the trust, but, when once accepted, the trust subject must be applied to the purpose to which it has been dedicated by the grantor.

3. CONSTITUTIONAL LAW—*Particular Trust—Diversion by Legislature.*—Private property donated by a testator to a well-defined valid trust cannot be diverted by the legislature to a distinctly different object.  The legislature has no power to seize upon private property thus dedicated and appropriate it to a wholly different purpose, however meritorius such purpose may be, and legislation to that effect is unconstitutional and void.  If the trust declared by the will is lawful, the beneficiaries have property rights in the trust subject which cannot be taken away from them by the legislature.  If the trust is unlawful, the property belongs to the heirs of the testator, and is equally under the protection of the law.

4. PARTIES—*Suit to Test Validity of Donation by Will—Heirs of Testator.*—Where a will has long since been admitted to probate and its validity is not questioned, the heirs of the testator are *not necessary* parties to a suit to test the valadity of a donation made by the will.

5. COSTS—*Public Officers.*—Costs ought not to be awarded against defendants to a suit who are public officers of the State, and have no personal interest in the litigation, and were represented by and acted under the advice of the Attorney General.

Appeal from a decree of the Circuit Court of Agusta county. Decree for the complainant. Defendants appeal.

*Amended and Affirmed.*

The facts leading up to this litigation are these: The will of Sidney R. Murkland, which was duly admitted to probate in the circuit court of Amherst county, Virginia, after providing for the payment of funeral expenses and debts, gives "to 'Trustees State Hospital, Staunton, Va.' where my son Sidney Price Murkland is now cared for, the entire balance of my property, real and personal, the income from which to be used by said trustees for purchase extra comforts patients said Hospital for all time."

Testator's estate consisted of a small amount of personal property and some real estate in the city of Lynchburg, and a farm containing one hundred and fifty odd acres situated in Amherst county. The Western State Hospital, having accepted the trust, brought suit in the corporation court for the city of Lynchburg against the administrator with the will annexed, the other beneficaries under the will, and creditors, to administer the estate. The Amherst county property was sold by a decree of the court to the Western State Hospital for $17,025, of which sum the hospital paid to the court's commissioner $3,500, the amount necessary to discharge the unpaid indebtedness of the estate and costs and expenses of litigation. The court in confirming the sale decreed that the balance of the purchase money "is under the will of S. R. Murkland, deceased, the property of the said Western State Hospital,"

and therefore directed a conveyance of the land to be made to the hospital, which was accordingly done.

By an act of the General Assembly, approved February 20, 1906, (Acts 1906, p. 36) the special board of directors of the Western State Hospital were authorized and directed, under the supervision and control of the general board of directors of the State hospitals of Virginia for the insane (hereinafter called the general board), to erect on the Murkland land" suitable buildings, etc., for the establishment of a colony for the reception, care, treatment, training and employment of three hundred epileptic patients. No action was taken under the foregoing act, and at the next session the General Assembly passed another act, approved March 12, 1908 (Acts 1908, p. 295), which provided that if in the opinion of the general board it should appear proper the Western State Hospital should sell and convey the whole or any part of the "Murkland land," and with the proceeds purchase other lands in Amherst county for the purposes of said epileptic colony. Thereupon the general board directed the Western State Hospital to make sale of the "Murkland land" for the purposes aforesaid.

The Western State Hospital then filed its bill in the circuit court of the city of Richmond against the general board, reciting the foregoing facts and charging that the "Murkland land" in its hands was impressed with a trust in favor of the inmates of the Western State Hospital, as declared by the will of Sidney R. Murkland, deceased, under which to the extent of $14,000 the land was acquired, that the trusts declared in the will were clear, definite and legal, and that complainant was competent to execute the trusts, etc. The object of that suit was to determine the question of the power of the General Assembly to enact the foregoing statutes authorizing the general board to divert the trust property from the purposes to

34

which it, or its proceeds, had been dedicated by the testator's will.

The general board demurred to the bill upon the ground that the suit was in effect a suit against the State, and a suit by one branch or arm of the State government against another branch or arm of the State government, and therefore that the circuit court of the city of Richmond was without jurisdiction to hear and determine the case. The circuit court sustained the demurrer and dismissed the bill, and its decree was affirmed on appeal to this court. *Western State Hospital* v. *General Board of State Hospitals for the Insane,* 112 Va. 230, 70 S. E. 585.

*Caskie & Caskie* and *Samuel W. Williams, Attorney. General,* for the appellants.

*Timberlake & Nelson,* for the appellee.

WHITTLE, J. (after making the foregoing statement), delivered the opinion of the court.

The present suit was instituted by the appellee, A. Stuart Robertson, committee of Joseph S. Rowe, an insane person, against the Western State Hospital, trustee under the will of Sidney R. Murkland, deceased, the general board and the individual members thereof. The bill alleges that Joseph S. Rowe had been adjudged a lunatic in the county of Augusta, the place of his residence, and had been committed to the Western State Hospital for care, maintenance and treatment, and still is an inmate of that asylum, and that he is one of the beneficiaries of the trust created by the Murkland will, and has such property interest in the trust subject as to entitle his committee to invoke the jurisdiction of a court of equity to establish the trust and protect the trust property from the misappropriation

sought to be made of it by the general board under the authority of the acts of the General Assembly above mentioned; that said acts are not only in contravention of the State Constitution, but are also violative of the Fourteenth Amendment of the Constitution of the United States, in that they deprive the lunatic of property rights without due process of law, and deny to him the equal protection of the law; and that the proposed diversion is tantamount to taking private property for public use without just compensation. The bill prays that the will be construed and that its true meaning and intent be declared; that the land conveyed by the commissioner of the corporation court of Lynchburg to the Western State Hospital be held to be impressed with the trust declared by the Murkland will in favor of the lunatic Joseph S. Rowe, and other inmates of the asylum similarly situated; that the Western State Hospital as trustee be required to administer the trust in accordance with the provisions of the will; and that the general board be declared to be without lawful authority to direct any disposition of the land in conflict with the disposition thereof made by the testator in his will.

The general board and the Western State Hospital demurred to the bill, and appealed from two decrees of the circuit court of Augusta county—one overruling the demurrer (but giving the defendants leave to answer the bill), and the other granting the relief prayed for.

Several grounds of demurrer are assigned, but as interpreted by appellants in their position for appeal, they practically resolve themselves into two propositions, namely: (1) That the committee has no authority to maintain the suit, because the estate of the lunatic is not involved; and (2) that this is "a suit against a public corporation or board, created and existing for purely governmental purposes, and as mere agencies of the State, composed exclusively of persons who have no personal interest in the

subject matter, and are only acting as an arm of the Commonwealth, whatever its form, is in effect a suit against the State."

1. The statute provides for the appointment of a committee for a person found to be insane (Code, sec. 1697), and declares that such committee "shall be entitled to the custody and control of his person (when he resides in the State, and is not confined in a hospital or jail), shall take possession of his estate, and may sue and be sued in respect thereto. . . He shall take care of and preserve such estate and manage it to the best advantage . ." (sec. 1702).

In *Bird's Committee* v. *Bird,* 21 Gratt. (62 Va.) 712, it was held that every suit respecting the person or estate of the lunatic must be in the name of the committee, unless his interests are adverse to the lunatic, in which case it shall be brought in the name of the lunatic by his next friend approved by the court.

We need hardly stop to discuss the proposition that the right of maintenance, either entire or partial, in a trust fund constitutes such a proprietary right in the fund as entitles the beneficiary to the protection of the courts with respect to it. The contrary doctrine would outlaw all settlements made for support and maintenance and lead to untold mischief.

2. The vice in the second ground of demurrer is that it fails to distinguish between a suit against the Western State Hospital in its public governmental capacity, and a suit against it in its private capacity as trustee under the Murkland will. In the former character a suit against it would be a suit against the State, and such suit cannot be maintained by an individual unless the State chooses to waive its immunity and submit itself to the jurisdiction of the courts. On the other hand, that the Western State Hospital, in its private capacity, is suable is equally plain.

In this instance it has seen fit to accept the trust, and stands upon the same footing with respect to it as any other trustee. *Vidal* v. *Girard,* 2 How. 128, 11 L. Ed. 205.; *Barnum* v. *City of Baltimore,* 62 Md. 293, 50 Am. Rep. 219; *Regents* v. *Detroit Young Men's Society,* 12 Mich. 161; *Philadelphia* v. *Fox,* 64 Pa. St. 181.

The foregoing distinction has been repeatedly recognized by the decisions of this court. Thus, in *Dunningtons* v.. *President and Directors of the Northwestern Turnpike Road,* 6 Gratt. (47 Va.) 160, it was held that the defendant, a public corporation, was liable to be sued for work and labor performed and materials furnished for the corporation by the plaintiff.

So also, in *Eastern Lunatic Asylum* v. *Garrett,* 27 Gratt. (68 Va.) 163, an action of trover was maintained against the asylum for food supplies taken from the plaintiff during the civil war by the United States forces and sent to the asylum and used for the support of the inmates. And in *Blanton, Com.,* v. *Southern Fertilizing Co.,* 77 Va. 335, the same principle was maintained. See also *Osborne* v. *Bank of United States,* 9 Wheat. 816, 6 L. Ed. 204; *Davis* v. *Gray,* 16 Wall. 220, 21 L. Ed. 447; *Board of Liquidation* v. *McComb,* 92 U. S. 531, 23 L. Ed. 623.

In *Maia's Admr.* v. *Eastern State Hospital,* 97 Va. 507, 34 S. E. 617, 47 L. R. A. 577, it was held that the asylum was not liable in damages for personal injuries inflicted on one of the inmates by the negligence of persons administering the powers of the corporation. But in that case the decision in *Eastern Lunatic Asylum* v. *Garrett, supra,* is expressly approved.

Appellants claim much wider scope for the decision in *Western State Hospital* against *The General Board* than is warranted by the opinion. In that case the court merely held that the circuit court of the city of Richmond possessed only such equity jurisdiction as is conferred upon

it by statute, and rested the decision on the ground that it was without jurisdiction to entertain the suit in the particular case, the parties to the record both being public corporations created for governmental purposes.

We deem it unnecessary to prolong this opinion by a more extended review of the authorities. With rare exceptions they recognize the obvious distinction between the control which the legislature may exercise over property held by a public corporation for public purposes, and of property held by such corporations as trustee under private grant, with restrictions and trust limitations imposed by the grant. In the former case the power of the legislature over the property is supreme; in the latter it may prohibit the public corporation from accepting the trust, but, when once accepted, the trust subject must be applied to the purposes to which it has been dedicated by the grantor.

On the merits of the case we entertain no doubt that the two acts of the General Assembly authorizing the general board to divert to a distinctly different object private property donated by the Murkland will to a well defined, valid trust are wholly unconstitutional and void. The subject matter of the trust was the absolute property of the testator, who saw fit, through the medium of a trustee of his own selection, to appropriate the income arising therefrom to a designated class of unfortunate persons, and not to the public. In these circumstances it would indeed be a dangerous doctrine to hold that the General Assembly has power to seize upon private property thus dedicated and appropriate it to a wholly different purpose, however meritorious such purpose may be. If the trust declared by the Murkland will is lawful, the beneficiaries have property rights in the trust subject which cannot be taken away from them by the legislature. If, on the contrary, the trust is unlawful, the property be-

longs to the heirs at law of Sidney R. Murkland, deceased, and is equally under the protection of the law; so that in no aspect of the case can the contention of appellants prevail.

The Attorney-General for the first time in his closing argument raised the question that the decree should be reversed because the heirs at law were not made parties. It would have been better practice had this objection been made at the beginning of the litigation rather than at the close, but the objection is without merit. The will has long since been duly admitted to probate, and its validity is not questioned, and the contentions of both litigants rest upon the validity of the donation. In such case the heirs at law of the testator are not *necessary parties.*

The last assignment of error goes to that part of the decree which awards costs against the defendants. Apellants are public officers of the State, and have no personal interest in the litigation, and were represented by and acted under the advice of the Attorney-General. We are of opinion that costs ought not to have been awarded against them. To that extent, therefore, the decree of October 28, 1911, will be amended, and with that amendment the two decrees appealed from must be affirmed.

*Amended and Affirmed.*