## Chesapeake & Ohio Railway Company v. Harmon.

(Decided May 15, 1914.)

### Appeal from Floyd Circuit Court.

Office and Officers—When Not Liable For Costs of Proceedings Against Them—Ordinances.—Public officers acting in good faith in the discharge of their duties are not liable for the cost of judicial proceedings brought against them to test the validity

of a city ordinance, and no judgment can be rendered against the city for cost where it is not made a party to the proceeding   (See 153 Ky., 669.)

HARKINS & HARKINS for appellant.

WILL H. LAYNE and SMITH & COMBS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Overruling Motion.

The city council of Prestonsburg adopted an ordinance requiring railroad companies to provide and maintain safety gates at all roads and street crossings in Prestonsburg under a penalty of $100 for each day the ordinance was violated.  The Chesapeake and Ohio Railway Company failed to provide and maintain gates as required by the ordinance and warrants were issued against it by D. O. Harmon as police judge.  Following the issuing of the warrants the railroad company instituted against Harmon, as police Judge, an action to enjoin the enforcement of the ordinance by the warrants on the ground that it was invalid.  The circuit court dismissed the petition, but on appeal to this court the judgment was reversed, and the case remanded with directions to the circuit court to enter a judgment perpetuating the injunction.  (See Chesapeake & Ohio Railway Co. v. Harmon, 153 Ky., 669).  In entering the judgment of this court, the clerk entered a judgment for cost in favor of the appellant against the appellee, and execution was issued on the judgment against D. O. Harmon, police judge.  The sheriff of Floyd County who received the execution declined to levy it upon the personal property of Harmon, and the appellant has entered a motion for a rule against the sheriff to show cause why he shall not be required to make the levy on Harmon's private property.  The case has been submitted on this motion.

Harmon, as police judge, acted within his jurisdiction in issuing the warrants.  The validity of the ordinance could under the statute be tested upon a writ of prohibition; or if the ordinance was void the police court, on the hearing of the case, could so decide.  But the validity of the ordinance could only be tested in one of these ways.  It was proper that the warrants should be issued in order that the validity of the ordinance might be tested.  Harmon was acting not only within his jurisdiction, but also in good faith.  In such cases costs should

not be imposed upon public officers in good faith within their duties. (Scrafford v. Gladwin County Supervisors, 42 Mich., 464; State v. Bonner, 44 N. C., 257; 29 Cyc, 1449; State v. McDuffie, 52 Ala., 4; 5 Ency. Pl. & Pr., 152, and cases cited). In 32 Cyc, 631, it is said:

"In the absence of some statute or distinct regulation of the court the prevailing party in prohibition is not entitled to costs unless the court, in disposing of the proceedings, so orders. A public officer, against whom a prohibition is sought to restrain an official act, is not liable for the costs of the motion or of any proceeding therein."

The entry of the judgment for costs against Harmon was a clerical error, as no judgment for costs should have been entered, the court not so directing in the opinion. This part of the judgment is now set aside. The execution issuing on the judgment is quashed and the motion for the rule is overruled. The municipality of Prestonsburg was not a party to the proceedings and so no judgment for costs should be rendered against it. Mooney v. Denhardt, Judge, 144 Ky., 263, rests on the facts there shown.

Motion overruled and judgment corrected as indicated.