## BOARD OF PUBLIC UTILITY COM'RS OF N. J. v. PLAINFIELD–UNION WATER CO.

Circuit Court of Appeals, Third Circuit.   January 18, 1929.

### No. 3891.

John O. Bigelow, of Newark, N. J., for appellant.

Frank Bergen, of Newark, N. J., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge.   In this case the Plainfield Water Company brought a bill in equity against the Public Utility Commissioners of New Jersey to enjoin them from putting in force certain proposed water rates.   The court called to its aid Charles Lynch, former United States District Judge, and appointed him master to hear the testimony and report the facts, which he did. The matter was largely one of valuation of a waterworks system.   Basing his general procedure on the lines followed by the master and subsequently approved by the court in a water case embodying the same general features and reported in Middlesex Water Co. v. Public Utility Commissioners (D. C.) 10 F.(2d) 519, Judge Lynch marshaled the facts and prepared a report of high merit. His conclusion was that on the valuation he made the rates proposed were confiscatory. Exceptions to his report were heard by an experienced judge of the New Jersey district, where these water rate questions are of common occurrence.   He re-examined the matter, and affirmed Judge Lynch's report, and awarded an injunction.

We have heard and duly considered the objections made to the report and its confirmation, and after a thorough investigation of the subject we find ourselves in entire accord on the law and findings of fact with what was done in the court below.   We are constrained, however, to modify the decree in respect to costs in the trial court there charged against the Public Utility Commissioners.   That body is an unincorporated association of individuals appointed by the state of New Jersey to perform certain state functions and carry out certain state policies.   It is wholly without funds, except such as are from time to time supplied it by state appropriations for specific expenditures.   The members of the body do not act as individuals, and therefore are not personally liable for costs.   Nor, under the established rule, is the state, when sued without its consent, chargeable with costs.   Yet, as the state has set up a governmental instrumentality which, from its very nature, brings it constantly into the courts, where as a litigant it asserts and defends its rights against its citizens, we think it highly

probable that the state, through the Legislature, might desire to meet what seemingly is a moral obligation, by making the necessary appropriation. Therefore we make a finding that the costs in this case, both below and on appeal, are, so far as they have been taxed and when the small balance is properly taxed, correct in amount.

The decree, when modified by relieving the commissioners of payment of costs, is affirmed.