## WALLING v. NORFOLK SOUTHERN RY. CO.
### No. 5562.

Circuit Court of Appeals, Fourth Circuit.
May 23, 1947.

Frederick U. Reel, Atty., U. S. Dept. of Labor, of Washington, D. C. (William S. Tyson, Sol., and Bessie Margolin, Asst. Sol., both of Washington, D. C., George A. Downing, Regional Atty., of Atlanta, Ga., and James F. O'Hare, Atty, U. S. Dept. of Labor, of Washington, D. C., on the brief), for appellant.

Robert N. Simms and Robert N. Simms, Jr., both of Raleigh, N. C., for appellee.

Before PARKER, Circuit Judge, GRONER, Chief Justice of the United States Court of Appeals for the District of Columbia (sitting by special assignment), and DOBIE, Circuit Judge.

PARKER, Circuit Judge.

This is an appeal in a suit brought by the Administrator of the Wage and Hour Division, United States Department of Labor, to enjoin alleged violations of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. Judgment was entered in the District Court dismissing the bill of complaint on the merits and taxing costs against the plaintiff. A motion was made later to retax the costs as assessed by the clerk so as to eliminate therefrom certain costs connected with the taking of depositions, which were the greater part of the costs taxed. The District Judge overruled this motion, and the Administrator filed notice of appeal both from the final judgment and from the order denying the retaxation of costs. Pending the appeal the Supreme Court decided against the Administrator the question involved in the appeal on the merits. Walling v. Portland Terminal Co., 67 S.Ct. 639; Walling v. Nashville, C. & St.

L. Ry., 67 S.Ct. 644. The Administrator, thereupon, made a motion in this Court to affirm the decree of the District Court on the merits but to reverse it in the matter of costs. We think that the motion should be allowed.

The rule is too well settled to admit of argument that, "in the absence of a statute directly authorizing it, courts will not give judgment against the United States for costs or expenses". United States v. Worley, 281 U.S. 339, 344, 50 S.Ct. 291, 293, 74 L.Ed. 887; United States v. Chemical Foundation, 272 U.S. 1, 20, 47 S.Ct. 1, 71 L.Ed. 131, 14 Am.Jur. 21; 7 R.C.L. 789; note 8 Ann.Cas. 398. And this is true, even though the costs be incurred in an action which the United States has brought and in which it has failed to establish its claim. DeGroot v. United States, 5 Wall. 419, 431, 18 L.Ed. 700. The rule is based, not upon any antiquated theory of divine right of kings or governments, but upon the practical consideration that, since public moneys cannot be paid out except under an appropriation by Congress, the courts will not enter against the government a judgment for costs which would require the payment of moneys from the public treasury, unless they are expressly authorized by Congress to do so, which is the rule followed with respect to the entry of other judgments against the government. Reeside v. Walker, 11 How. 272, 291, 13 L.Ed. 693. There is manifestly no more reason for awarding costs than for awarding interest against the government without congressional sanction; and as to awarding interest see the recent case of United States v. Thayer-West Point Hotel Co., 329 U.S. 585, 67 S.Ct. 398.

Plaintiff in this case sued, not in his individual, but in his official capacity. The suit was for the benefit of the United States and was instituted by the Administrator under the express provisions of a statute. Fair Labor Standards Act, § 11(a), 29 U.S.C.A. § 211(a). It is perfectly clear, therefore, that it was in effect a suit by the United States, in which costs were not taxable against plaintiff, since this would be to render judgment for costs against the United States. State Highway Com'n of Wyoming v. Utah Construction Co., 278 U.S. 194, 49 S.Ct. 104, 73 L.Ed. 262; National Home etc. v. Wood, 7 Cir., 81 F.2d 963, 965; Board of Public Utility Com'rs v. Plainfield Union Water Co., 3 Cir., 30 F.2d 859. Not only was it not proper in such suit to award costs against the United States, but it is also clear that they might not be taxed against plaintiff individually. Hauenstein v. Lynham, 131 U.S. cxci, 26 L. Ed. 125; Hammond v. People, 32 Ill. 446, 83 Am.Dec. 286; Addis v. Applegate, 171 Iowa 150, 154 N.W. 168, Ann.Cas.1917E, 332; Chesapeake & O. R. Co. v. Harmon, 159 Ky. 59, 166 S.W. 786, Ann.Cas.1915D, 562; Houston v. Neuse River Nav. Co., 53 N.C. 476; Wyse v. Yellott, 119 Md. 463, 87 A. 419; State v. Orangeburg County Treasurer, 10 S.C. 40; General Board etc. v. Robertson, 115 Va. 527, 79 S.E. 1064; note Ann.Cas.1915D, p. 563 and cases there cited.

The statute under which suit was brought authorizes the Administrator to sue in the public interest, not in his own interest, and there is no provision at all that he may be sued in his official capacity. If the costs taxed against him should be held payable by the United States, it would result that the government is made liable for costs where it has not given its consent to such liability and has made no appropriation or provision for its payment: if they should be held payable by him individually, it would result that he would be penalized for the performance of official duty. Neither result could have been intended from the mere fact that he was given power to bring injunction proceedings to restrain violations of the law. It were as reasonable to tax costs against the United States or the United States Attorney who has instituted a criminal prosecution in which there has been an acquittal, or against the United States or the Attorney General in an injunction suit to restrain violation of law. In the course of time, Congress may make provision for the taxation of costs against the government or its officers in suits instituted to restrain violations of the criminal law; but, as we read the statutes, it has not done so, and we have no power to do so ourselves.

We are aware that the Circuit Court of Appeals of the Sixth Circuit has sustained

the taxation of costs against the Administrator in Walling v. Crown Overall Co., 6 Cir., 149 F.2d 152;[1] but with great respect to the court that rendered it, we find ourselves unable to follow that decision. We note that it is a mere per curiam order, and that it is not supported by the only case on this point cited in its support, Reconstruction Finance Corporation v. J. G. Menihan Corporation, 312 U.S. 81, 61 S.Ct. 485, 487, 85 L.Ed. 595. That case is authority only for the proposition that government corporations which Congress has "launched * * * into the commercial world", whose "transactions are akin to those of private enterprises", and which are authorized "to sue and be sued" are placed "upon an equal footing with private parties as * * * to the payment of costs". We see nothing in this which would justify a holding, in the face of overwhelming authority to the contrary, that costs may be taxed against an officer of the government who, acting in his official capacity, has brought a suit under the mandate of a statute in the protection of what he conceives to be the public interest. A government corporation can pay costs taxed against it out of its corporate funds without an appropriation by Congress, but costs taxed against the government cannot be so paid. A government corporation engaging in business in the commercial world can deal with a judgment for costs as one of the vicissitudes of business to be charged to profit and loss, but a public officer has no income from his office other than his salary, and Congress could hardly have intended that he should hazard this in carrying out its mandate.

It is argued that where, pending appeal, the merits of the case are disposed of, we should not pass on the appeal to determine the mere matter of costs, since ordinarily no appeal will lie from a chancery decree for costs alone. This is the general rule, but there is an exception where the taxation of costs is determinable as a matter of right. Newton v. Consolidated Gas Co., 265 U.S. 78, 44 S.Ct. 481, 68 L.Ed. 909; In re Michigan Central R.

Co., 6 Cir., 124 F. 727, 733; Williams v. Sawyer Bros. Co., 2 Cir., 51 F.2d 1004, 81 A.L.R. 1527; 2 Am.Jur. 907; note 6 Ann. Cas. 100. It will be noted that the taxation of costs was challenged in the court below, and that appeal was taken from the denial of the motion to retax as well as from the decree dismissing the bill. The motion to retax, it is true, went only to the cost of certain depositions, but the principle upon which we decide the question goes to the whole matter of taxing costs against the plaintiff and the error should be corrected in its entirety, as the entire case has been brought before us by the appeal.

The decree appealed from will be affirmed except with respect to the taxation of costs against plaintiff, and as to that, it will be reversed. No costs will be taxed in favor of plaintiff on this appeal.

Affirmed on the Merits.

Reversed as to Taxation of Costs.

---

[1] In accord Walling v. McCracken County Peach Growers Ass'n, D.C., 50 F.Supp. 900; contra Fleming v. Arsenal Bldg. Corp., D.C., 38 F.Supp. 207, reversed on other grounds 2 Cir., 125 F.2d 278.