UPTON MANUF'G CO. v. STEWART BROS.

1. **Notice:** SERVICE UPON AGENT: STATUTE CONSTRUED. Section 2613 of the Code requires the principal to respond to service of notice upon the agent, only in matters connected with the agency. But the collection of a judgment which a third party had obtained against the agent was not a matter pertaining to the agency; and upon execution on such judgment, notice served upon the agent only, in proceedings whereby it was sought to hold the principal as garnishee, was no notice to the principal, and gave the court no jurisdiction to render a judgment against it —the plaintiff herein; and a judgment so rendered was properly vacated.

*Appeal from Shelby Circuit Court.*

SATURDAY, JUNE 9.

THIS is an action in equity, brought to set aside and vacate a judgment which, it is claimed, is void. An answer was filed, and a trial had upon the issues joined, and a decree was entered for the plaintiff. Defendants appeal.

*Sapp & Lyman,* for appellants.

*E. A. Babcock,* for appellee.

ROTHROCK, J.—The record contains several questions which, in our opinion, are not necessary to be discussed, because we think the rights of the parties must be determined upon the single question as to whether or not the court which rendered the judgment sought to be vacated had jurisdiction of the defendant therein.

The facts necessary to determine this question are not controverted, and are as follows: On the twenty-fifth day of March, 1879, Stewart Bros., the defendants herein, recovered a judgment in the Shelby circuit court against one J. P. Book, for $462. The Upton Manufacturing Company, plaintiff herein, is a foreign corporation employed in the manufacture of thrashing-machines at Battle Creek, Michigan. In

the years 1879, 1880 and 1881, the said corporation entered into written agreements with Book by which he was constituted an agent of the company for the sale of their machines and repairs therefor, at Harlan, Shelby county, and vicinity. These agreements fixed the prices at which the machines and other property should be sold by Book, the commissions he was to receive for making sales, etc.

In December, 1880, Stewart Bros. caused an execution to be issued on their judgment against Book, and the sheriff returned thereon that he served "the same by summoning the Upton Manufacturing Company as garnishee of J. P. Book, by reading the garnishment notice thereto attached to J. P. Book, agent for said garnishee, doing business for it in Shelby county." The garnishment notice required the garnishee to appear and answer on the first day of the next term of the circuit court. The manufacturing company did not appear at the next term, and it was adjudged in default, and a judgment was entered against the company for the full amount of the original judgment against Book, and leave was given to show cause by the first day of the next term why execution should not issue. A notice to show cause, directed to the Upton Manufacturing Company, was served upon Book, as agent, in the same manner as the service of the garnishment notice. No appearance was made by the company, and, at the October term, 1881, the conditional judgment was affirmed and made absolute.

The company, or rather the general officers thereof, had no actual notice of any of these proceedings until after the final judgment was rendered, and no notice of any kind, unless it be held that the notices served upon Book were sufficient to give the court jurisdiction of the company; and it was at no time indebted to Book in any sum, but, on the contrary, he was indebted to the company from the time that he made the first sale of machinery, up to the time of the trial of this case in the court below.

If the circuit court had no jurisdiction of the company by

virtue of the service of the notices upon Book, the judgment is void, and the decree of the circuit court vacating it is correct. We will proceed to an examination of this question. Counsel for appellant claim that jurisdiction was acquired under the provisions of section 2613 of the Code, which is in these words. "When a corporation, company or individual has for the transaction of any business an office or agency in any county other than that in which the principal resides, service may be made upon any agent or clerk employed in such office or agency, in all actions growing out of or connected with the business of that office or agency."

Under this provision of the law, if Book had sold a machine with a warranty, in an action for the breach of the warranty, service upon him would have been service upon the principal, because the action would have grown out of his agency. So with any other cause of action connected with the sale of machines by him. But the collection of a judgment from Book by garnishment of those who are supposed to be his debtors, has no connection with his said agency. Appellee, under the contract with Book, was bound to take notice, as his principal, of his acts within the scope of his agency, and the statute binds the principal by service upon the agent in all actions growing out of the agency. It is argued that, because the claim made by the garnishment was that the company was indebted to Book in the matter of the agency, the action was connected with the agency. We think this is not within the meaning of the statute. It requires the principal to respond to service made upon the agent in matters connected with the agency. To require the principal to respond to service upon the agent in a proceeding for the collection of a debt from the agent in no manner connected with the agency, is quite another matter. Such an obligation, we feel quite sure, is neither within the letter nor spirit of the statute.

AFFIRMED.