### NEWMAN v. BOWERS ET AL.

1. **Judgment:** MISNOMER: SALE UNDER VOID. Upon a petition filed by *Rike* as plaintiff, notice by publication was given stating the plaintiff's name to be *Pike*, and a judgment was rendered against the defendants by default in favor of *Pike*. Upon this judgment a special execution was issued in favor of *Rike*, and the land was bid in by and deeded to him. *Held* that the judgment was without jurisdiction and void, and that the sale and deed were void also.

*Appeal from Creston Superior Court*—HON. GEO. P. WILSON, *Judge.*

SATURDAY, OCTOBER 8.

ACTION in equity to determine the title to real estate Judgment for the plaintiff, and the defendants appeal.

*John M. Hays, John V. Campbell* and *P. S. Wickman,* for appellants.

*Henry Rickel* and *J. W. Bull,* for appellee.

SEEVERS, J.—In 1861 the legal title to the real estate in controversy was in Melissa V. Alexander, and the plaintiff claims under her. In said year it is claimed by the defendant that an action was commenced in which Levi Rike was plaintiff, and the said Melissa, her husband, and others, were defendants. The petition in that action, in substance, stated that the plaintiff therein had recovered a judgment in the state of Ohio against Perry Alexander, the husband of

Melissa, and that he caused the real estate in controversy, specifically describing it, to be conveyed to her for the purpose of defrauding his creditors. The object of the action was to obtain a judgment on the Ohio judgment, and subject the real estate to the payment thereof. Such relief, it is claimed, was granted, and the land sold under a special execu- tion to Levi Rike, and the same conveyed to him, undei whom the defendants claim. The plaintiff insists that the court failed to obtain jurisdiction of either the subject-mat- ter, that is, the real estate, or of said Melissa, and therefore the judgment, sale and subsequent conveyances of the real estate are void ; and the object of this action is to have the same so declared, and the title to the real estate adjudged to be in the plaintiff. This is the only question we are required to determine, and the contention of the plaintiff is based on the following facts, which are not controverted :

When the petition in the action commenced by Levi Rike was filed, and at all times afterwards, Melissa Alexander was a non-resident of the state of Iowa, and she was not served personally with notice of the pendency of the action, nor was the real estate in controversy attached or otherwise seized, so as to bring the same within the custody of the law, unless what we shall presently state had that. effect. The original notice in said action was directed to the defendants therein, and notified them that a petition of Levi Pike had been filed in the proper court, and that they were required at a named time to appear and defend such action. An affidavit of the non-residence of the defendants in the action in which Levi Pike was plaintiff was filed, and the notice duly published as provided by law ; and in this manner the defendants claim the court obtained jurisdiction both of the subject-matter and of the defendants therein who failed to appear, and a general judgment by default for $1,536.12 was rendered against Perry Alexander, in favor of Levi Pike ; and it was found and decreed by the court that Perry Alexander was the owner of the property in controversy, and the judgment was

declared to be a lien thereon. Afterwards a special execution was issued, which recited that Levi Rike had recovered a judgment against Perry Alexander, and the sheriff was commanded to sell the real estate for the purpose of satisfying such judgment, which he did, and it is under such sale that the defendants claim.

Conceding that a proper petition was filed by Levi Rike, this did not give the court jurisdiction of the subject-matter ; that is, of the real estate, or of the defendants. No notice in such action was ever served on the defendants therein named, nor was any judgment in such action ever rendered by the court. We cannot presume, without any evidence whatever, that Levi Pike and Levi Rike are the same, and that the defendants were served with notice of the pendency of an action in which the latter was plaintiff. The judgment was void for several reasons. There was no judgment on which the special execution could be based, and, if there was no judgment, the sale is absolutely void. It seems so clear that all the proceedings are absolutely void that a citation of authorities in support of such conclusion is not required. We, however, refer to *Weil v. Lowenthal,* 10 Iowa, 575; *Darrance v. Preston,,* 18 Id., 396; *Hodson v. Tibbetts,* 16 Id., 97; *Hakes v. Shupe,* 27 Id., 465; *Lutz v. Kelly,* 47 Id., 307.

The judgment of the superior court is right, and must be

AFFIRMED.