CHAS. H. KINKEAD, Appellant, v. R. M. PEET and HENRY BENNETT and HENRY RICKEL, Interveners, Appellees.

**Judgments:** ERROR IN COMPUTATION ON FORMER APPEAL: EFFECT. A mere typographical error in computation, manifest on the face of the figures, and appearing in the opinion of the appellate court, is not binding upon the trial court in further proceedings after reversal.

**Payments:** APPLICATION. The rule that the debtor has the right to control the application of payments where several obligations exist is only applicable where the payments are voluntary. Where the credits arise out of certain security the creditor is entitled to them as a matter of right and may apply them in the order of the liens.

**Appeal:** DISMISSAL. Where two appellants dismissed their appeal after it had been perfected, they were not entitled to a dismissal as to the remaining appellant because of his failure to serve notice of appeal on them thus making them appellees.

**Attorney and client:** RECOVERY BY ATTORNEY IN SAME ACTION. Ordinarily an attorney cannot obtain an adjudication in his own favor against his client, while representing his client in the same action, whether other attorneys are associated with him or not.

*Appeal from Linn District Court.*—HON. MILO P. SMITH, Judge.

SATURDAY, FEBRUARY 14, 1914.

THIS case was before us upon two former appeals. The opinion in the last appeal will be found in 153 Iowa, 199. Upon such appeal the case was reversed and remanded for a further hearing and accounting, after a finding by us that the allowances made by the district court to appellee were excessive. Such former allowances amounted to a net sum of $24,427. The case being remanded, a further hearing was had in the district court. A new computation and accounting in accord with our former opinion reduced the net sum in favor of plaintiff to the extent of about $4,000; the decree fixing the net amount due him at $20,453. From such finding, the plaintiff has again appealed.—*Modified* and *Affirmed.*

*Remley & Calkins,* for appellant.

*Jamison & Smyth,* for appellee.

*J. H. Preston* and *Rickel & Dennis,* for interveners.

PER CURIAM.—There are a large number of motions and amendments and resistances and replies submitted to us which relate to the sufficiency of the appeal. We will deal with these in a subsequent paragraph. We see no impediment in the way of a consideration of the appeal in the main case. We proceed, first, therefore, to a consideration of the merits of the case as presented by the appeal. By an appropriate order of this court, the abstract on the former appeals is made a part of the record on this appeal. The abstract proper, therefore, which is filed herein, covers only the proceedings had in the district court on the last hearing and must be considered in connection with the previous abstract.

I. The first complaint is that the trial court included in the computation a $1,700 note which was secured by the second mortgage. The contention is that this was barred by

our former opinion. This contention is based upon the argument that our former opinion fixed the amount due on the mortgages and that this note was not included. We think the contention is not warranted. We made no finding as to amounts. We did recite certain concessions made by the appellant. Paragraph 7 of the opinion laid down the rule or method which should govern the district court in the final computation. The amount of no item was specified. The $1,700 note was an undisputed item. It was not specifically referred to in the opinion, as many other items were not. The appellant offered no testimony either at the last hearing or at any previous hearing impeaching the note as an item of his indebtedness. We think, therefore, that the note was properly included in the computation.

II. It is next urged that the trial court erred to the extent of $100 in a certain item of credit due to the appellant for hogs sold by the appellee. The trial court allowed such credit in the amount of $1,432. It is urged that our former holding fixed the item at $1,532. This contention is based upon the following statement in the opinion: "Defendant concedes that he sold a part of the hogs for $1,359.14, and made use of certain others, which the evidence shows were worth about $75, and as this was done before defendant denied the mortgage character of the transfer of property, and the parties seem to have treated the delivery of the hogs as a payment upon the debt secured by such transfer, it will be so treated here and applied as a payment at that date of $1,532." It will be noted that the two items of $1,359 and $75 were footed in the addition as $1,532 instead of $1,434. This was a mere typographical error and was manifest as such on the face of the figures. The trial court properly included the two specific items and ignored the erroneous footing.

1. JUDGMENTS: error in computation on former appeal: effect.

III. The appellant demanded that the credits found in his favor should be applied upon certain specific notes. This

demand was based upon the theory that the debtor has the

2. PAYMENTS: absolute right to control the application of
application. payments where several obligations are out-
standing. The rule thus contended for has no application to
the case. It applies only to voluntary payments. *Wyland v.
Griffith*, 96 Iowa, 28; *Bank of Defiance v. Ryan*, 144 Iowa,
725. The credits involved herein all arose out of the security.
The appellee was entitled to them, as a matter of right, by
virtue of the security and was entitled to apply them in the
order of the liens.

IV. It is lastly urged that the trial court erred in the
matter of the taxation of costs. This contention rests upon
a rather indefinite record. In the first instance, the decree of
the trial court made no provision for costs. A motion to
modify the decree filed by appellant Kinkead contained the
following as paragraph 7: "(7) That the court erred in
refusing to tax the entire cost of this suit to the defendant,
Peet, in accordance with the order made by the opinion filed
in the above cause of Charles H. Kinkead v. R. M. Peet."
Thereupon the trial court "sustained" paragraph 7 and
directed the clerk "to tax all the costs in this hearing,
amounting to $9.60, and the costs of the transcript on the last
appeal, amounting to $300, to the defendant Peet. Both par-
ties except." In other respects the motion was overruled.
This is the entire record before us. It is urged in argument
that the court ought to have taxed the costs of previous trials.
The record does not disclose what orders have been made in
reference to costs of previous trials, nor what costs have been
made in such trials.

V. We have already referred to the multitude of mo-
tions which have been filed in this case. Were it not for such
motions, the case and the appeal, as we have already stated

3. APPEAL: dis- them, would seem very simple. From these
missal. motions, it appears that there is serious fric-
tion between appellant Kinkead and his attorney Mr. Rickel
over the fruits of the litigation. There was originally an

agreement between them for a division on a per cent. basis. The land was conveyed to Henry Bennett, as trustee. Bennett, as trustee, intervened in the action. This was done for the purpose of protecting Rickel. There appears to have been an attempt to adjudicate the respective rights of attorney and client in this suit. After the decree Rickel served a notice of appeal on behalf of the plaintiff Kinkead and the intervener Bennett. In such appeal he also named himself as intervener. He was not in fact a nominal party to the case. Later Bennett and Rickel purported to dismiss the appeal on their part. They have filed a motion here to dismiss Kinkead's appeal because he served no notice upon them. Their contention is that when they dismissed their appeal they were no longer in this court, and it devolved upon Kinkead to serve a notice of appeal upon them in order to be heard on his own appeal. The contention has no merit. The appeal having been perfected (and therefore being perfect) when it was taken, it would not become otherwise as to Kinkead by the mere withdrawal of the intervener.

Proceedings have been had since the decree, and these have been laid before us by additional abstracts. Bennett has redeemed from Peet and has sold the land as trustee, much of which, and perhaps all, has been done against the protest of Kinkead. These matters have no place in this appeal. They are matters in which the appellee Peet has no interest. The fact that the judgment in his favor has been paid would of itself entitle him to a dismissal of the appeal on motion. But he has not asked it. A brief of 54 pages has been filed which purports to be on behalf "of interveners and appellees." The brief deals wholly with the controversy between the appellant and his attorney. It is professedly prepared by the same attorney who served the notice of appeal in the first instance. It states that the attorneys for the appellees have authorized the use of their names to be appended thereto. The appellee himself has not otherwise been remembered therein. We find no word in it which purports

to be in his behalf. A bitter controversy has been made here between the attorneys as to whether Remley & Calkins appeared in the court below for the appellant together with Rickel & Dennis. By many affidavits, one affirms and the other denies. The language used by these veteran counsel in their characterization of each other is unworthy of their long and honorable career before this court. Whether Remley & Calkins appeared or not, it is undisputed that Rickel & Dennis also continued to represent their client in the litigation.

It ought to be needless to say that an attorney cannot ordinarily obtain an adjudication in his own favor of a controversy as between him and his client while representing his client as his attorney in the same action; and this is so regardless of whether other attorneys may be associated with him or not. In the present case, the issues framed were those between the plaintiff and the defendant. The defendant had no interest in the controversy between the plaintiff and his attorney. Such controversy, if any, was outside the real issues of the case.

4. ATTORNEY AND CLIENT: recovery by attorney in same action.

In so far as the decree entered in this case may appear to adjudicate any controversy between the appellant and his attorney over the fruits of the litigation, it will be modified so as to reserve such controversy from the adjudication, leaving all such questions open to be determined in an appropriate action between such parties themselves. The motions referred to will all be overruled. No printing will be taxed for the appellee.

With the modification above stated, the decree of the district court will be affirmed.—*Modified* and *Affirmed*.

LADD, C. J., and WEAVER, EVANS and PRESTON, JJ., concur.