E. E. COLLINS et al., Petitioners, v. THOMAS B. POWELL, Judge, Superior Court, Cedar Rapids, Respondent.

No. 44118.

FEBRUARY 8, 1938.

REHEARING DENIED JUNE 24, 1938.

E. E. Collins, for petitioners.

Barnes, Chamberlain & Hanzlik, Donald P. Barnes, and Grimm, Elliott, Shuttleworth & Ingersoll, for respondent.

DONEGAN, J.—On the 5th day of April, 1937, Van Vechten Shaffer, Don Barnes, Frank Byers, Arthur Barlow, George F. Miller, Shores-Mueller Company; and G. A. Shores, Van Vechten Shaffer, Don Barnes, Frank Byers, Arthur Barlow, Trustees under a voting trust agreement with the stockholders of the Shores-Mueller Company, filed in the superior court of Cedar Rapids, Linn county, Iowa, a petition in equity, which named as defendants, E. E. Collins, C. E. Mueller, Herman L. Currier, Mrs. Wilhelmina Justine Steege, and Mrs. Anna Buhman, attorney in fact for Mrs. Wilhelmina Justine Steege. Said petition alleged, in substance, that at various times since prior to May, 1933, and until some time prior to the commencement of this action, the defendants had been instrumental in commencing fourteen different lawsuits in the district court of Linn county, Iowa, in which the plaintiffs in this action were made defendants; that in practically all of said lawsuits the defendant, E. E. Collins, acted as attorney for the defendants, and that the other named defendants were parties plaintiff or interveners in such actions or were instrumental in procuring the commencement thereof; that all of said actions were based on matters with which the defendants therein (the plaintiffs in this action) had no connection or were in no way liable, or had been fully adjudicated; that said actions were instigated by the defendants, E. E. Collins, C. E. Mueller and Herman L. Currier, with knowledge that no cause of action existed, and for the purpose

of harassing the plaintiffs, and, by alleging that the defendants had been guilty of false representations and fraud and causing much publicity in connection with said charges, coercing the defendants into making settlement thereof for sums of money in which the said E. E. Collins, C. E. Mueller and Herman L. Currier would share, or for the purpose of obtaining money from some of the plaintiffs in said actions for services performed in the prosecution thereof; that in each of said actions the defendants (plaintiffs herein) had promptly pushed said actions to issue and hearing or trial; that some of said lawsuits were determined adversely to plaintiffs therein by rulings of the court, and others, when reached for trial, were dismissed by the plaintiffs therein without prejudice.

Said petition further alleged that, since the disposition of all of said fourteen different lawsuits which had been commenced in Linn county, Iowa, the defendants had been instrumental in instituting four different lawsuits in the district court of Bremer county, Iowa, all of which were based upon the same matters involved in some or all of the fourteen different lawsuits which had been brought by said defendants in the district court of Linn county, Iowa; that said four lawsuits in Bremer county were based upon the same alleged false representations and fraud that had been alleged in the fourteen lawsuits, above referred to, brought and disposed of in Linn county; that the judgments asked against the defendants (plaintiffs in this action) ranged in amounts from $79,000 to $2,450,460; that said lawsuits in Bremer county were a continuation of the process of harassing the defendants therein (plaintiffs in this action); and the plaintiffs in this action asked that the defendants named be enjoined and restrained from prosecuting said actions in Bremer county and from commencing or prosecuting any more actions of a nature similar to said actions.

On the filing of said petition the court ordered that a temporary injunction issue as prayed, upon the filing of a bond, and, on April 6, 1937, a temporary writ of injunction was issued. This temporary writ of injunction and the original notice of the action were served personally on each of the defendants, the last such service being on the 17th day of April, 1937.

On May 6, 1937, the defendants filed a writing in said action denominated as a special appearance, which, omitting formal parts, was as follows:

"Comes now E. E. Collins, C. E. Mueller, Herman L. Currier, Mrs. Wilhelmina Justine Steege and Mrs. Anna Buhman, Attorney in Fact for Mrs. Wilhelmina Justine Steege, Defendants named in the above and foregoing entitled cause of action and appear specially for the sole purpose of objecting to the jurisdiction of the Court, and for no other purpose."

Hearing was had on said special appearance on the 6th day of May, 1937, but there is nothing in the record to show on what ground the defendants' objection to the jurisdiction of the court was based, or that any specific ground in support of such objection was called to the attention of the court. The matter was taken under advisement, and, on the 7th day of May, 1937, the court entered the following order:

"AND NOW TO-WIT: On this 7th day of May, 1937, it being one of the regular days of the May 1937 Term of said court, the court having examined the pleadings on file, together with the return of the original notices, as filed, and being fully advised, finds: That the defendants E. E. Collins, C. E. Mueller and Herman L. Currier, are each of them residing in Cedar Rapids, Linn County, Iowa, and that they were each served with due and timely notice of the commencement of this action in Cedar Rapids, Linn County, Iowa, and that the defendants Mrs. Wilhelmina Justine Steege and Mrs. Anna Buhman, Attorney in Fact for Mrs. Wilhelmina Justine Steege were and are residents of Bremer County, Iowa, and were served with due and timely notice of said action in Bremer County, Iowa, and that the court had jurisdiction of the parties to said action, and, therefore, the special appearance of the defendants is overruled."

On May 10, 1937, the case came on for hearing and the following entry was made by the trial judge:

"The defendants having failed to plead are hereby declared to be in default. Evidence of plaintiffs heard and the court being fully advised finds that the temporary injunction should be made permanent. Judgment and decree as per enrolled judgment and decree."

Thereafter, on May 11, 1937, the court entered its decree finding the defendants, and each of them, in default for want of appearance, and that the equities were with the plaintiffs;

and ordered that the temporary injunction be made permanent, that the defendants, and each of them, be permanently enjoined from further prosecuting the said suits in Bremer county, Iowa, and from commencing or prosecuting any additional actions of a nature similar to the foregoing actions in said court or any other court. On the 25th day of June, 1937, the defendants in said action filed their petition in this court asking for a writ of certiorari to the superior court of Cedar Rapids, Linn county, Iowa, and on the same day it was ordered by this court that such writ issue. The records of this court show that such a writ, signed by the clerk and under seal of this court, was issued on June 25, 1937, but our attention has not been directed to any record showing the service of such writ on the respondent.

At the outset we are confronted with a motion of the respondent to quash and dismiss the writ issued and all proceedings in this action (1) because no service of the writ was made upon the respondent, as provided by law; (2) because petitioners have a plain, speedy and adequate remedy by appeal; (3) because petitioners have failed to comply with the requirements of Rule 30 of this court; (4) because petitioners failed to attack the proceedings in the trial court in proper manner or form, by the mere statement that they appeared specially for the sole purpose of objecting to the jurisdiction of the court, and for no other purpose, because such statement raised no objection to the jurisdiction of the trial court and the overruling thereof presents no question for review by the supreme court.

The above motion was presented under a special appearance filed by the respondent, which specifically stated that it was made for the sole purpose of questioning the jurisdiction of this court, and was accompanied by a brief and argument in support thereof; but, although such motion and the brief and argument in support thereof were filed in this court a sufficient time before the submission of the cause to enable the petitioners to file a resistance and counter brief and argument, nothing whatever has been filed by the petitioners in response to the respondent's motion. We are, therefore, under the necessity of passing upon this motion without the benefit of any assistance from the petitioners.

The respondent made a return to the writ issued in this case, which stated that such return was made under special appearance and without admitting or conceding the jurisdiction

or right of the supreme court of Iowa to hear or determine the above entitled cause on certiorari. The original writ issued by this court was a part of such return, but there is nothing on or attached to said writ showing that it was served on the respondent or that service of such writ was accepted by respondent. On the contrary, the return of respondent shows that the writ reached the respondent through the medium of the United States mail service. In the respondent's argument in support of the motion to quash it is stated plainly and unequivocally that no service of the writ was ever made upon the respondent and that service was not accepted by the respondent, and this statement is nowhere denied either directly or inferentially.

■■■ It is elementary that, in order to be valid and binding, the acts of a court must be in the exercise of such court's jurisdiction; that is, the court must have the power to "hear and determine cases of the general class to which the proceedings in question belong," which is known as jurisdiction of the subject matter; 15 C. J. 734, par. 35; and the court must also have the power to subject the parties in a particular case to the decisions and rulings made by it in such case, which is commonly referred to as jurisdiction of the person. In this case it must be conceded that there was jurisdiction of the subject matter; that is, this court has the general power to review the proceedings and orders of the superior courts of this state under writs of certiorari. But it is denied by the respondent that this court has jurisdiction of the person of the respondent court. Jurisdiction of the person in a particular case is "obtained by the service of a summons or other proper process or notice on a defendant personally." 15 C. J. 786, par. 82. In this state jurisdiction of the person is ordinarily acquired by service of notice, but in some proceedings, it is acquired by the issuance and service of a writ. Under our statutory procedure in certiorari, no notice is required upon the respondent before the issuance of a writ, but section 12462, Code of 1935, requires that:

"*The writ must be served and the proof of such service made* in the same manner as is prescribed for the original notice in the district court, except the original shall be left with the defendant, and the return of service made upon a copy thereof." (Italics are ours.)

■■■ It is also elementary that, where jurisdiction of the

person depends upon service of either notice or process, the mandatory provisions of statutes in regard to such service must be strictly complied with. Hodges v. Brett, 4 G. Greene 345; Newman v. Bowers, 72 Iowa 465, 34 N. W. 212; Geneva v. Thompson, 200 Iowa 1173, 206 N. W. 132; Upton Mfg. Co. v. Stewart Bros., 61 Iowa 209, 16 N. W. 84. It is undisputed in this case that the writ was not served on the respondent court and that the respondent court did not accept service of such writ, and, in our opinion, it necessarily follows that this court has not acquired and does not now have jurisdiction of the person of the respondent court, unless there was an appearance by the respondent court herein that would amount to a waiver of such service.

 Section 11088, Code of 1935, provides that:

"Any defendant may appear specially for the sole purpose of attacking the jurisdiction of the court. Such special appearance shall be announced at the time it is made and shall limit the party to jurisdictional matters only and shall give him no right to plead to the merits of the case."

This statute was originally enacted in 1911, as part of chapter 162 of the laws of the Thirty-fourth General Assembly, which repealed section 3541 of the Code of 1897. Prior to the enactment of this statute, under the provisions of section 3541 of the Code of 1897, any appearance, whether special or otherwise, was made a general appearance and conferred jurisdiction on the court. Since the repeal of section 3541 of the Code of 1897, there has been no statute in this state that expressly transforms a special appearance, for the purpose of attacking the jurisdiction of the court, into a general appearance. Even if it be doubtful whether section 11088 be applicable to actions of certiorari, we think there can be no doubt that the respondent would still have a right to appear specially to attack the jurisdiction, because, in the absence of any statutory provision to the contrary, the right to appear specially would exist. Elk River Coal & Lumber Co. v. Funk, 222 Iowa 1222, 271 N. W. 204.

 Has the respondent waived the right to question the jurisdiction of the court by making a return to the writ issued in this case? If the statute, section 11088, be applicable in this case, we do not think that the return made can be said to constitute such waiver. The statute provides that the special

appearance "shall limit the party to jurisdictional matters only and shall give him no right *to plead to the merits of the case.*" (Italics are ours.) We do not think that the return which a respondent is required to file in a certiorari proceeding can be construed to be a pleading to the merits of the case. Such return contains only matters of record in the case which the petitioners seek to have reviewed by the writ of certiorari. The petitioners may be said to have plead in their petition, in which they state the grounds upon which they ask that the rulings of the respondent court be set aside, but we do not think that the return of the respondent court, which merely sets out the proceedings in another case in that court, can be said to be a pleading of the respondent in the certiorari action. It is not unusual for the respondent in certiorari actions to plead by way of objections or resistance to the sustaining of the writ, setting out grounds why this should not be done, and such objections or resistance might properly be considered a pleading to the merits. But no such pleading appears in this case. In such a situation as confronts us in this case, with the clear and unequivocal statement of the respondent, made at the time that the return was made, that such return was made subject to all the provisions and conditions of the special appearance then announced, we do not think it can be said that the return thus made constituted a general appearance and precluded the respondent from questioning the jurisdiction of the court.

It is true that, in Remey v. Board of Equalization, 80 Iowa 470, 45 N. W. 899, it was held that any defects in the writ and in the service thereof were cured by an appearance, but it must be borne in mind that, in that case, there is no showing that the board attempted to appear specially and, even if they did so, the statute then in effect in regard to appearances was practically the same as section 3541 of the Code of 1897, which would have made such attempted special appearance a general appearance. For the purpose of calling this court's attention to its lack of jurisdiction, it was proper for the respondent to present any facts appearing in the proceedings in the respondent court which might tend to show such lack of jurisdiction in this court, and, even though the facts thus presented might be competent and material in the decision of this court on the merits of the certiorari action, such facts would not necessarily have to be considered as a plea to the merits amounting to a general

appearance. State v. Bitter Root Valley Irrigation Co., 185 Iowa 60, 169 N. W. 776; Dolan v. Keppel, 189 Iowa 1120, 179 N. W. 515; Scott v. Scott, 174 Iowa 740, 156 N. W. 834; North English Savings Bank v. Webber, 204 Iowa 958, 216 N. W. 10.

On the other hand, even if section 11088 should not be applicable in certiorari cases, there is nothing in this statute which prohibits a special appearance in cases to which it is not applicable, and, in the absence of any statutory prohibition, the right to appear specially for the purpose of questioning the court's jurisdiction exists. Whether an appearance in a particular case be general or special is not determined from its designation as a special appearance, but from the nature of the appearance itself. As said in 6 C. J. Secundum, Appearances, Sec. 1 (b):

"Although a designation of an appearance as special is important by reason of its tendency to refute the presumption that an appearance is general, it is not determinative of the character of the appearance. If the appearing party asks relief or discloses a purpose which goes beyond questioning the jurisdiction of the court the appearance is general no matter what it may be called or designated. On the other hand, when a consideration of the substance discloses that the only purpose is to question the jurisdiction of the court over the defendant's person, the appearance is special even though it may not expressly be so designated."

An examination of the special appearance here made by the respondent, and of the motion and argument in connection therewith, leads us to the conclusion that nothing is therein asked from this court which requires a consideration of the merits of the case or that would not reasonably follow if this court be without jurisdiction of the person of the respondent court.

In our opinion, therefore, the question of this court's jurisdiction to determine the validity of the orders of the respondent court, which it is here sought to have reviewed, was properly presented to this court under a special appearance properly made. As there was no service of the writ upon the respondent in compliance with the statutory provision, no acceptance of such service, and no waiver thereof by the appearance made, this court has no jurisdiction to pass upon the validity of such

orders, and the writ of certiorari heretofore issued must be quashed and all proceedings thereunder dismissed. As the decision which we have reached is decisive of the respondent's motion to quash and dismiss, it is unnecessary that we consider the other grounds of such motion.—Writ quashed and proceedings dismissed.

KINTZINGER, HAMILTON, SAGER, and MILLER, JJ., concur.

STIGER, C. J., and ANDERSON, MITCHELL, and RICHARDS, JJ., dissent.