**RERAT LAW FIRM, Plaintiff,**

v.

**IOWA DISTRICT COURT FOR POTTAWATTAMIE COUNTY, Defendant.**

No. 84–1612.

Supreme Court of Iowa.

Oct. 16, 1985.

Arvid D. Oliver, Des Moines, for plaintiff.

Dennis M. Gray and Scott H. Peters of The Peters Law Firm, P.C., Council Bluffs, for defendant.

Considered by REYNOLDSON, C.J., and UHLENHOPP, McCORMICK, McGIVERIN and SCHULTZ, JJ.

McGIVERIN, Justice.

Plaintiff Rerat Law Firm (hereafter Rerat) brings this certiorari action to review defendant district court's order directing Rerat to pay fees and a certain percentage of the costs of litigation arising out of a grain elevator explosion to The Peters Law Firm, P.C. (hereafter Peters). We sustain the writ of certiorari.

On April 20, 1982, there was a grain elevator explosion in Council Bluffs which resulted in five deaths, numerous personal injuries and property damage. Soon after the explosion, Peters was retained by some of the injured persons to file suit against Agri Industries and Bluffs Elevator Company. During the course of the representation, Peters contends it engaged in discovery, research, investigation and preparation for the cases. During 1983, Rerat, a Minneapolis, Minnesota, law firm, was employed by seven other persons who had been injured in the same elevator explosion to pursue their claims against Agri Industries and Bluffs Elevator Company.

Although Peters and Rerat are in dispute over the extent of their contact, both agree there was some communication between the two law firms about the pending litigation. Peters claims Rerat agreed to reimburse the firm for some of the fees and costs incurred in exchange for the use of the information which Peters had gathered. Rerat disagrees and contends that there was no such agreement between the two firms and that Peters' discovery efforts may have hindered Rerat's attempts to settle its clients' claims.

Peters initially filed separate petitions, and in April 1984 it filed a consolidated petition, on behalf of plaintiffs involved in the Agri Industries and Bluffs Elevator litigation. However, Rerat's clients were not included as such plaintiffs. Rerat had filed separate petitions on behalf of its clients. Those petitions were consolidated for trial with the cases involving Peters' clients. In the summer of 1984, Rerat settled its clients' claims and each one filed a dismissal with prejudice with the court. The litigation involving Peters' clients continued.

The two law firms exchanged letters after the settlement; Peters demanded reimbursement of a portion of its fees and costs which Rerat refused to pay. On September 18, 1984, Peters filed in the pending litigation an unverified "Application to Tax

Fees and Costs" to Rerat. A copy of the application was mailed to Rerat in Minnesota. A hearing was set for and held on October 4. Rerat notified the district court in advance of its intention not to appear at the hearing in a verified document filed September 25, entitled "Affidavit in Response to Application to Tax Fees and Costs." In this affidavit, Rerat briefly outlined the reasons why the firm believed it did not owe Peters for costs and fees.

The district court, the Honorable Leo F. Connolly, entered an order compelling Rerat to pay a percentage of each settlement to cover some of the costs and fees that Peters incurred. Rerat petitioned this court for a writ of certiorari, contending that Judge Connolly's order was illegal and beyond the jurisdiction of the district court. Iowa R.Civ.P. 306–19. Certiorari was granted.

The determinative issues in this certiorari review are: 1) whether the district court exceeded its authority by taxing costs and fees to Rerat; and 2) if the district court lacked authority, whether Rerat waived any such objections by failing to appear at the hearing on the application and by filing the affidavit.

"Certiorari, unless specifically authorized by statute, lies only when the inferior court or tribunal, exercising judicial functions, is alleged to have exceeded its proper jurisdiction or otherwise acted illegally." Iowa R.Civ.P. 306; *Van Meter v. Hellwege*, 356 N.W.2d 541, 543 (Iowa 1984).

I. *Authority of the district court.* The district court ordered Rerat to pay a percentage of the court costs of the litigation to Peters. Rerat was also required to pay a percentage of Peters' fees. We conclude that both those awards were beyond the power of the district court under this record.

A. *Award of costs.* Iowa Code section 625.1 (1983) provides for the awarding of costs for litigation as follows:

> Costs shall be recovered by the successful against the losing party.

Under this statute, a court may tax costs to a person who is a "party" to the action. The converse proposition is also true, that is, absent a statute costs are not taxable against one who is not a party to the suit. *Chesapeake and Ohio Railway Co. v. Harmon*, 159 Ky. 59, 61, 166 S.W. 786, 787 (1914) (municipality not a party to proceedings, so no cost judgment could be rendered against it); *State v. Keelen*, 103 Or. 188, 195, 204 P. 164, 165 (1922) (judgment for costs against county not allowed, absent an authorizing statute, since county not a party to action); *see also* 20 Am. Jur.2d *Costs* § 26 (1965).

Iowa Code section 625.1 also allows a successful party to recover costs. However, costs are generally not recoverable by a person not a party to the litigation. *Dickinson v. Hot Mixed Bituminous Industry of Ohio*, 58 N.E.2d 78, 80 (Ohio Ct.App. 1943); *W.J. Lake and Co., Inc. v. King County*, 4 Wash.2d 651, 654, 104 P.2d 599, 600 (1940). A reason for this rule is that persons cannot have the privilege of taking costs without having placed themselves in a position to be liable for their payment in case of a failure to succeed. *Dickinson*, 58 N.E.2d at 81.

Therefore, in order to determine if costs were properly awarded to Peters and taxed to Rerat, we must consider if both firms were "parties" to the action within the meaning of Iowa Code section 625.1.

Peters was the law firm which represented certain plaintiffs who were making claims for personal injuries suffered in the elevator explosion. Although there are no Iowa cases specifically dealing with the issue of whether a law firm may recover fees from another firm not in the case, in *Kinkead v. Peet*, 164 Iowa 65, 145 N.W. 313 (1914), we determined that an attorney could not recover against his client while representing him in the same action. Although those facts differ slightly from the ones in this case, the reasoning is applicable. We stated in *Kinkead*:

> In the present case, the issues framed were those between the plaintiff and the defendant. The defendant had no inter-

est in the controversy between the plaintiff and his attorney. Such controversy, if any, was outside the real issues of the case.

*Id.* at 70, 145 N.W. at 315.

Similar reasoning is found in *Slusarz v. Slusarz*, 18 Ill.App.2d 25, 151 N.E.2d 411 (1958), a case in which an attorney sought to intervene in litigation, in which he had represented one of the parties, to collect his fees. The court, in denying his petition for intervention, stated:

He had been neither a plaintiff nor a defendant to the original action. He was not a party to that law suit. No remedy or relief was sought against him.

*Id.* at 32, 151 N.E.2d at 415. Peters was before the court only in a representative capacity and was not in a position to make a claim for personal recovery.

Finally, Peters was not an intervenor under Iowa R.Civ.P. 75, because it was not "interested in the subject matter of the litigation." The firm was seeking to recover on an express or implied contract for costs and fees during a personal injury suit. Peters did not intervene before the trial began, nor did it join with the plaintiff or defendant in the action or claim adversely to both, as required by rule 75. Therefore, we conclude that Peters was an "interloper," not an intervenor, and was not a "party" to the litigation. *See In re Will of Lamm*, 252 Iowa 1045, 1049, 109 N.W.2d 708, 711 (1961).

Rerat was never before the court; it was not even representing one of the plaintiffs in the pending cases. In *Hoskins v. Hotel Randolph Co.*, 203 Iowa 1152, 211 N.W. 423 (1926), *cert. denied*, 275 U.S. 566, 48 S.Ct. 122, 72 L.Ed. 429 (1927), the principal issue was the proper definition of a "party." In that case, plaintiff, a passenger injured in a hotel elevator, brought an action for damages against the defendant, the Hotel Randolph. The Hotel vouched in the Otis Elevator Company, the elevator manufacturer. Otis Elevator hired attorneys to defend the suit in the name of the hotel. Otis Elevator employees comprised most of the witnesses and their testimony was directed towards establishing the liability of the chief clerk of the hotel. The court concluded that Otis Elevator was a party because:

It was in fact in court, though not in its own name. In substance, it was a party. It had its day in court upon every question litigated. It had the right of appeal.

*Id.* at 1159, 211 N.W. at 427.

Rerat's level of participation in the remaining consolidated cases, however, does not reach or even approach that of Otis Elevator. In fact, Rerat does not meet any of the conditions considered by the court in *Hoskins* to constitute a "party."

Further, Rerat was not a third party under Iowa R.Civ.P. 34(b), which permits a plaintiff to bring in a new party to the action, because Peters was not a plaintiff.

■ There is an exception to this general rule of disallowing a non-party from being taxed for costs and, if it applies, a person not a party of record may be required to pay costs incurred by a prevailing party in such litigation. *Bloomer v. Liberty Mutual Insurance Co.*,[1] 445 U.S. 74, 77, 100 S.Ct. 925, 927, 63 L.Ed.2d 215, 220 (1980).

■ This exception is an equitable one, that when a third person benefits from litigation instituted by another, that person may be required to bear a portion of the expenses of the suit. This concept is inapplicable in the present action, however, because Peters is not a person who "instituted litigation"—it was commenced by Peters' clients, for their benefit. Further, Rerat's clients did not benefit from the ongoing litigation since their claims were settled before trial.

Accordingly, we conclude that costs could not properly be taxed to a non-party, Rerat, in favor of another non-party to the

---

**1.** In Bloomer, petitioner raised this exception, but it was rejected by the Court because of the

particular statute involved in the case.

litigation, Peters, because it was beyond the authority of the court to do so.

B. *Award of fees.* The district court also taxed a portion of Peters' attorney fees to Rerat. Much of the reasoning stated above also applies here. We conclude there was no authority to make this award. As we stated in *Bethards v. Shivvers, Inc.,* 355 N.W.2d 39, 47 (Iowa 1984):

> The general rule is that attorney's fees are not allowable in the absence of a statute or an agreement by the party to be charged.

There is no authorizing statute and no evidence was presented regarding an agreement between the parties.

■ Despite the rule stated in the *Bethards* case and the reasoning in subdivision IIA above, to the effect that awards ordinarily cannot be made against or in favor of non-parties, Peters contends that attorney fees should have been awarded in the pending litigation because of a concept utilized in class action suits that allows an attorney for one or more members of the class to recover fees from other members of the class who benefit from the results of the litigation. This "common fund theory" described in *Boeing Co. v. Van Gemert,* 590 F.2d 433 (2d Cir.1978), *aff'd,* 444 U.S. 472, 478, 100 S.Ct. 745, 749, 62 L.Ed.2d 676, 681–82 (1980), is a "well-recognized exception to the general principle that requires every litigant to bear his own attorney's fees."

■ However, this exception is inapplicable here. Peters cites no cases where it has been applied outside a class action. The Agri Industries and Bluffs Elevator litigation was complex, but it was not a class action under the Uniform Class Actions Rules 42.1–42.20 of the Iowa Rules of Civil Procedure. The first step towards commencing a class action, obtaining class certification by the court, was not taken here. Iowa R.Civ.P. 42.2.

Peters next contends that the case is similar enough to a class action that the award of attorney fees should be made in spite of the fact that it is not formally a class action. We find this contention also without merit.

■ There was no fund created to benefit other plaintiffs. Rerat's clients have already settled their claims and are no longer involved in the litigation. Any recovery by Peters' clients will not be divided in any way amongst the Rerat clients. In such a situation, it has been held that the "common fund" theory does not apply because "[t]he fund benefits no one but the parties. . . ." *Commissioners of Highways of the Towns of Annawan v. United States,* 684 F.2d 443, 445 (2d Cir.1982).

Therefore, we conclude the district court was without authority to award attorney fees to Peters and against Rerat in the pending action.

II. *Waiver.* Peters contends that even if there were defects in the court's authority, that they were waived by Rerat when it failed to appear and object at the hearing on the application. Because we have concluded that the district court exceeded its authority in taxing costs and fees to Rerat, we must consider this claim.

A court must have subject matter jurisdiction, which is the power to hear cases of the general class to which the proceedings in question belong. *In re Estate of Dull,* 303 N.W.2d 402, 406 (Iowa 1981). It also must have power to subject the parties to the decisions and rulings made by it in a case, which is jurisdiction of the person. *Collins v. Powell,* 224 Iowa 1015, 1020, 277 N.W. 477, 481 (1938).

Rerat is contesting the authority of the district court because it and Peters were not parties to the pending litigation. This defect is technically not a subject matter jurisdictional objection. Clearly, the district court has the authority to entertain a civil action brought before it based on the alleged breach of an express or implied contract. *See* Iowa Code § 602.6101.

Here, the issue raised is one of jurisdiction of the particular case. Such should be withheld when it has not been properly invoked. *See Gospel Assembly Church v. Iowa Department of Revenue,* 368 N.W.2d

158, 159 (Iowa 1985); *City of Des Moines v. Des Moines Bargaining Unit Association,* 360 N.W.2d 729, 730 (Iowa 1985).

Had Peters brought a separate action against Rerat, by filing a petition which was served upon Rerat pursuant to the Iowa Rules of Civil Procedure, then Rerat could be subject to the jurisdiction and authority of the court. However, this cause of action was commenced by filing an unverified application with the district court in another action to which Peters was not a party. These defects go to the authority of the court to entertain Peters' application.

■ Authority of the court over certain matters is conferred by law and cannot be conferred by waiver or consent. *Campbell v. Iowa Beer & Liquor Control Department,* 366 N.W.2d 574, 576 (Iowa 1985). Although Rerat might have contested the authority of the court by filing a special appearance, Iowa R.Civ.P. 66 and 104(a), it was not required to do so.

■ Although exercising a judicial function, the district court exceeded its authority in ordering Rerat to pay fees and costs to Peters. We conclude that in the interest of preserving orderly procedure, we must not allow a non-party to seek an order against another non-party for fees and costs under this record. We do not pass on the merits of Peters' claim if it were properly brought in a separate action.

The district court order granting fees and costs to Peters is annulled. The writ of certiorari in this court is sustained.

WRIT SUSTAINED.