The CITY OF DES MOINES, Petitioner,

v.

Howard W. BROOKS, Associate Judge of the District Court of Iowa, IN AND FOR POLK COUNTY, Respondent.

No. 2–57972.

Supreme Court of Iowa.

Oct. 15, 1975.

William D. Groteluschen and John A. Wibe, Des Moines, for petitioner.

Claude H. Freeman, Grefe & Sidney, Des Moines, for respondent.

Heard before MOORE, C. J., and MASON, LeGRAND, HARRIS and McCORMICK, JJ.

HARRIS, Justice.

We granted a writ of certiorari to review orders of the trial court directing expungement of police records of two citizens. The two had been arrested during celebration of a college athletic event and were charged with violation of two municipal ordinances.

After plea bargains charges of intoxication were dismissed. The two offered pleas of guilty to loafing and loitering with the understanding they would be given deferred sentences for six months and placed on probation. As part of the plea bargains it was also agreed "* * * the court would order that all records relating to the loafing and loitering charge, and the [defendants'] arrest records would be destroyed or expunged."

After successfully completing probation defendants presented orders which, among other things, directed petitioner's police force to destroy any fingerprint records, photographs, arrest records, booking and docket records, and factual information involving the two.

■ Upon a full review of the record we conclude petitioner has not sustained the allegations of the petition for the writ and hold it should be annulled.

Petitioner seeks to assert there is neither inherent nor statutory authority for the trial court's orders. But, under the peculiar facts presented, petitioner has no standing to make such an assertion. The orders complained of were entered in exact accordance with plea bargains negotiated by counsel then representing petitioner. It was in reliance upon the bargains that the pleas were entered and probation successfully undertaken.

Petitioner cannot now complain that the trial court acted beyond its authority because the court acted at petitioner's own request. *State v. Kuchenreuther*, 218 N.W.2d 621 (Iowa 1974). In *Kuchenreuther* at page 624 we quoted with approval from *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971): "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement on consideration, such promise must be fulfilled."

■ We do not mean to suggest inherent or statutory authority exists for ordering expungement of police records. Neither should we be understood as implying such authority can be created by agreement of counsel. It is of crucial, if not controlling, importance the plea bargains were negotiated by all concerned in the good-faith belief the court had power to order the records expunged. We merely hold under the principle of "fair play" outlined in *Kuchenreuther* this petitioner has no standing to challenge the orders it helped obtain.

Writ annulled.