STATE of Iowa, Appellee,

v.

Dennis Robert FISH, Appellant.

No. 60097.

Supreme Court of Iowa.

May 17, 1978.

Mike Wilson Law Firm, Vicki A. Huff and Ronald Baybayan, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Lona Hansen, Asst. Atty. Gen., and Dan Johnston, County Atty., for appellee.

Considered by MOORE, C. J., and LeGRAND, REES, HARRIS and McCORMICK, JJ.

REES, Justice.

On January 22, 1975 a preliminary information was filed charging defendant, Dennis Robert Fish, with burglary in violation of § 708.8, The Code, 1975. He was arrested on January 22, arraigned, pleaded not guilty and was released on his own recognizance. Upon the recommendation of the county attorney's office, and a showing to the court that there was insufficient evidence to convict the defendant, the information was dismissed.

On June 8, 1976 defendant filed an application to expunge and erase the criminal records, stating he was an accountant and that "an arrest for burglary still in his criminal record could jeopardize his livelihood". His application was filed in the criminal cause which had been dismissed. The defendant's counsel and the county attorney's office were ordered to file briefs and later, on September 24, 1976, the trial court entered the following order: "Defendant's application to expunge criminal records filed 7–8–76 is denied as the court is without authority". From such order, defendant appeals. We affirm.

The defendant states the following issues for review:

(1) Whether the maintenance of defendant's arrest record for public inspection violates both his right of privacy and his right to seek gainful employment, where he was arrested and charges against him were later dismissed because of insufficient evidence; and

(2) Whether § 602.15, The Code, 1975, gives the court power to expunge arrest records upon showing of good cause and whether trial court erred in refusing to exercise this power and expunge appellant's arrest record.

I. In his first issue stated for review, defendant contends trial court erred in refusing to order the expungement of the arrest record in that the maintenance of the arrest record violates defendant's right of privacy and his right to seek gainful employment and subjects him to the consequences of an actual conviction.

■ While this issue would present to us a question of constitutional dimension, we do not believe the record indicates it was preserved in the district court for review here. Constitutional issues cannot be raised for the first time on appeal. *Pieper v. Harmeyer*, 235 N.W.2d 122, 126 (Iowa 1975); *Wolfs v. Challacombe*, 218 N.W.2d 564, 570 (Iowa 1974). We therefore decline to consider the argument of defendant that his right to privacy is violated by the action of the trial court in denying his application to expunge his arrest record.

II. Section 602.15, The Code, 1975, upon which the defendant relies for reversal, provides:

"The record of any court proceedings is under the control of the court and, except as provided in section 789A.6, may be amended or any entry therein expunged before it has been signed by the judge or within 60 days thereafter."

Section 789A.6, The Code, 1975, referred to in the foregoing section, provides in pertinent part:

" * * * A person who has been discharged from probation shall no longer be held to answer for his offense. Upon discharge from probation, if judgment has been deferred under section 789A.1, the court's criminal record with reference to the deferred judgment shall be expunged. * * *."

Section 749.2, The Code, 1975, which imposes upon the chief of police of each city and the sheriff of every county the duty to take fingerprints of all persons held for investigation or for the commission of certain crimes, provides in part pertinent to the inquiry before us here:

" * * * If the fingerprints of any person are taken under the provisions hereof whose fingerprints are not already on file, and said person is not convicted of any offense, then said fingerprint records shall be destroyed by any officer having them. * * * "

The defendant seeks to equate the above quoted provision of § 749.2 with his claimed entitlement to the expungement of his record of arrest. We do not agree with defendant's argument in this area.

■ In placing almost complete reliance on § 602.15, The Code, the defendant is leaning on a very slender reed. Said section provides that "the record of any court proceedings is under the control of the court and * * * may be amended or any entry therein expunged before it has been signed by the judge or within 60 days thereafter". Clearly, the "arrest record" which the defendant seeks to have expunged in this case cannot by any stretch of the imagination be considered to be a "record of any court proceedings", and is obviously not under the control of the court. His arrest record is a record of the police department and obviously beyond the reach of any order which the court might enter directing deletion, erasures or expungement. In *City of Des Moines v. Brooks*, 234 N.W.2d 385, 386 (Iowa 1975), we refused to disturb a trial court order directing the expungement of an arrest record. In *Brooks*, the expungement of the arrest records was contemplated by negotiated plea bargains between the City and two defendants, with the City agreeing to expunge the arrest records on successful completion of probation. After the defendants had entered pleas and completed probation in reliance on the plea bargains, the City refused to expunge the records and the trial court ordered the records to be expunged in keeping with the plea bargains. On appeal to this court, we did not intimate Iowa courts have inherent or statutory authority to order the expungement of a record of arrest, and the expungement of the arrest records in *Brooks* was ordered due to the unique circumstances of that case.

We are unable to find any basis upon which the trial court could have sustained defendant's application to expunge the record of his arrest. As the trial court was correct in overruling his application to expunge the record, we affirm.

AFFIRMED.