STATE of Iowa, DEPARTMENT OF PUBLIC SAFETY, Appellant,

v.

Charles B. WOODHALL, Appellee.

No. 85–524.

Supreme Court of Iowa.

Nov. 13, 1985.

Thomas J. Miller, Atty. Gen., and Gary L. Hayward, Asst. Atty. Gen., for appellant.

Robert A. Gottschald, Indianola, for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, McCORMICK, SCHULTZ, and WOLLE, JJ.

WOLLE, Justice.

Defendant pleaded guilty to a charge of theft in the third degree, served a term of probation in accordance with a deferred judgment, and was discharged from probation. Several weeks later the district court entered an order in the criminal case direct-

ing the Iowa Department of Public Safety (department) to destroy its records containing defendant's fingerprints. The department unsuccessfully challenged that order on the ground that the district court had no jurisdiction in the criminal case to decide what records the department should retain in its files. We reverse, concluding that the criminal court was without jurisdiction to enter that order.

There is no real disagreement about the factual background or what proceedings took place in this criminal case. Defendant satisfactorily completed his one-year period of probation and was discharged by an order entered on August 14, 1984. More than two months later, defendant orally requested that the court enter an order in the criminal case directing the department and other law enforcement agencies to destroy their records containing defendant's fingerprints. The court entered such an order, then refused the department's request to set it aside for lack of jurisdiction. The criminal court relied for its authority on the second sentence of Iowa Code section 690.2 (1983); the entire statutory provision reads:

It shall be the duty of the sheriff of every county, and the chief of police of each city regardless of the form of government thereof and having a population of ten thousand or over, to take the fingerprints of all persons held either for investigation, for the commission of a felony, as a fugitive from justice, or for bootlegging, the maintenance of an intoxicating liquor nuisance, manufacturing intoxicating liquor, operating a motor vehicle while under the influence of an alcoholic beverage or for illegal transportation of intoxicating liquor, and to take the fingerprints of all unidentified dead bodies in their respective jurisdictions, and to forward such fingerprint records on such forms and in such manner as may be prescribed by the commissioner of public safety, within forty-eight hours after the same are taken, to the bureau of criminal investigation. *If the fingerprints of any person are taken under the provisions hereof whose finger-*

*prints are not already on file, and said person is not convicted of any offense, then said fingerprint records shall be destroyed by any officer having them.* In addition to the fingerprints as herein provided any such officer may also take the palm prints of any such person.

(Emphasis added.) Although the department has challenged the district court's order on several grounds, we find one jurisdictional issue determinative of this appeal. The essence of the order here challenged was that the department had acted improperly in retaining defendant's fingerprint records in its files. Exclusive jurisdiction over that subject matter—agency action involving recordkeeping responsibilities—is vested in judicial review proceedings pursuant to Iowa Code chapter 17A, the Iowa Administrative Procedure Act. The criminal court had no jurisdiction to address and decide the propriety of that agency action.

■■■ For an order to be valid, the court must have the authority to hear cases of the general class to which the proceedings in question belong. *Rerat Law Firm v. Iowa District Court,* 375 N.W.2d 226, 230 (Iowa 1985); *In re Estate of Dull,* 303 N.W.2d 402, 406 (Iowa 1981). While a criminal court has jurisdiction over proceedings commenced by the filing of a trial information or indictment charging a person with a criminal violation, that jurisdiction does not extend to judicial review of agency action. While the criminal court has original jurisdiction, the court reviewing agency action exercises appellate jurisdiction only and is without original authority to declare the rights of parties or the applicability of any statute or rule. *Iowans for Tax Relief v. Campaign Finance Disclosure Commission,* 331 N.W.2d 862, 863 (Iowa 1983); *Public Employment Relations Board v. Stohr,* 279 N.W.2d 286, 290 (Iowa 1979). What we said recently in distinguishing chapter 17A proceedings from other civil actions is equally pertinent in the context of this criminal case:

Judicial review proceedings are fundamentally different from original actions commenced in the district court. Judicial

review proceedings have a different jurisdictional base, proceed in a different manner toward disposition, and provide only those types of relief to the successful petitioner which chapter 17A specifically prescribes.

*Black v. University of Iowa,* 362 N.W.2d 459, 462 (Iowa 1985).

Defendant cites no statutory or case authority which suggests in any way that the criminal court had jurisdiction to oversee the recordkeeping function of the department or other law enforcement agencies. Defendant argues that the court can and did in this case order expungement of the court's own criminal records when defendant had satisfactorily performed the terms of his deferred judgment. *See* Iowa Code § 907.9 (1983):

> Upon discharge from probation, if judgment has been deferred ... the court's criminal record with reference to the deferred judgment shall be expunged. The record maintained by the supreme court administrator ... shall not be expunged. The court's record shall not be expunged in any other circumstances.

That statute providing the criminal court specific authority to expunge certain of its own records stops far short of providing authority over records of agencies within the executive branch of government.

Instructive is *State v. Fish,* 265 N.W.2d 737 (Iowa 1978), in which the defendant sought unsuccessfully to have the criminal court expunge arrest records maintained by law enforcement agencies. Defendant there argued that Iowa Code section 690.2 concerning fingerprint records of acquitted persons (formerly section 749.2) was applicable by analogy. Denying defendant's request in that case, we said:

> Clearly, the "arrest record" which the defendant seeks to have expunged in this case cannot by any stretch of the imagination be considered to be a "record of any court proceedings," and is obviously not under the control of the court. His arrest record is a record of the police department and obviously beyond the reach of any order which the court might

enter directing deletion, erasures or expungement.

*Id.* at 739. Just as arrest records in the *Fish* case were beyond the reach of the district court in that criminal proceeding, so too were defendant's fingerprint records in this criminal case.

■ Defendant is not without a remedy if his fingerprints have incorrectly been retained in department files. The department must comply with Iowa Code section 690.2 (1983), quoted above, and section 692.5 specifically provides procedures by which persons may examine criminal history data, request correction of data maintained by the department, and obtain judicial review pursuant to Iowa Code chapter 17A. The district court's jurisdiction in such a proceeding is exclusive; the criminal court does not have concurrent jurisdiction over those agency recordkeeping functions.

■ Because the criminal court had no jurisdiction to enter the order concerning defendant's fingerprint records, that order was void. The trial court should have granted the State's motion to rescind that order, an appropriate means of attacking a void order. *See State v. Ohnmacht,* 342 N.W.2d 838, 842–43 (Iowa 1983).

The State has challenged the district court's order on several other grounds: expiration of the jurisdiction of the criminal court following entry of the order discharging defendant from probation; absence of jurisdiction over the person of the department; and silence of the record as to whether defendant had other convictions which would support retention of his fingerprint records. The State's basic substantive position is that a deferred judgment based on a guilty plea is a "conviction" for purposes of Iowa Code section 690.2, so the fingerprint records need not be expunged in any event. *See* 1976 Op. Iowa Att'y Gen. 234 (1975). Because we hold that the district court had no jurisdiction to enter its order directed to the department in this criminal case, we need not address those alternative grounds presented in the State's brief and argument.

The order purporting to expunge fingerprint records was void and must be reversed.

REVERSED.