James D. BANOS and/or James T. Banos, Appellee,

v.

Gene W. SHEPARD, Commissioner of the Iowa Department of Public Safety, Appellant.

No. 87–40.

Supreme Court of Iowa.

Feb. 17, 1988.

Rehearing Denied March 11, 1988.

Thomas J. Miller, Atty. Gen., and Gary L. Hayward, Asst. Atty. Gen., for appellant.

James Banos, pro se.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, CARTER and NEUMAN, JJ.

McGIVERIN, Chief Justice.

In this appeal, the defendant, commissioner of the Iowa department of public safety, questions whether the trial court

had subject matter jurisdiction to entertain the petition of plaintiff James Banos. Banos wrote to the department and requested removal from his criminal history files of two terms referring to him which he contested as inaccurate. The department removed one of those terms. Banos then petitioned the court in equity under Iowa Code chapter 692 (1985) to have the remaining term removed from his files. Over the defendant's objection that Iowa Code chapter 17A was the exclusive statutory route for reviewing administrative action in this regard, the trial court ordered the department to expunge the contested term from Banos' records. Defendant appeals and we reverse.

I. *Factual and procedural background.* Plaintiff James Banos was arrested on charges arising out of a traffic stop in Warren County on June 6, 1985. Banos was taken into custody and his vehicle was impounded. During a subsequent routine inventory search of Banos' vehicle, officers of the Warren County sheriff's department found two handguns, one in a case in the luggage compartment and the other tightly wrapped in plastic bags in the engine compartment. Based presumably upon information gathered during the inventory search, documents prepared by the Warren County sheriff's department noted that Banos was a "member of the posse comitatus" and was "known to go armed." These documents were later forwarded to the Iowa department of public safety and became part of its criminal history data file on Banos.

Pursuant to Iowa Code section 692.5, Banos requested and was given access by the department to his "criminal history data." He objected to the presence of the references to going armed and membership in the posse comitatus in his files and wrote to the department to request removal of those terms. On behalf of the department, the director of the division of criminal investigation notified Banos that all references to posse comitatus membership would be expunged from his files, but that the reference to going armed would not be removed.

Banos then filed a petition in equity in the Iowa district court for Polk County requesting that the defendant, commissioner of the department of public safety, provide him, first, a list of all agencies and departments that had received criminal history data on him, and second, expungement of the term "known to go armed" from all files concerning him.

Recognizing Banos' petition as a complaint arising out of administrative action, the clerk of court refiled the petition as an administrative judicial review appeal. When subsequently informed of this action, Banos objected. He moved to have his case refiled as a case in equity pursuant to Iowa Code section 692.5, and his motion was granted. Thus, this case was processed and submitted for decision as an equity action and not as a judicial review action.

Defendant filed a motion to dismiss stating that the court lacked subject matter jurisdiction over Banos' case because Banos failed to follow the Iowa administrative procedure act, specifically Iowa Code section 17A.19, to seek his requested relief. Defendant noted in his brief supporting his motion that he did not object to producing the list Banos requested. Banos resisted defendant's motion, arguing in essence that Iowa Code section 692.5 created a cause of action independent of Iowa Code section 17A.19.

The court ruled that Banos could proceed in this action outside the Iowa administrative procedure act to seek an order under Iowa Code section 692.5 directing the defendant to give Banos a list of those persons given access to his criminal history data file.

The case came before the district court for submission on November 14, 1986. During the hearing, the defendant again asserted that he had no objection to producing the list Banos requested, but continued to resist any expungement of terms in the department's history files, citing the same jurisdictional objection. After the hearing, the department gave Banos the list he requested and that matter is no longer in dispute.

On December 5, after submission of the case for decision, Banos sought leave to amend his pleadings to include a prayer for relief under Iowa Code section 692.6, as well as under other statutory sections not at issue in this appeal. Defendant resisted the amendment because he read the trial court ruling on defendant's earlier motion to dismiss as limiting Banos to an action under Iowa Code section 692.5 seeking a list of all persons and agencies that received criminal history data on Banos from defendant.

The motion to amend was granted. In the same ruling, the court ordered the department to expunge the term "known to go armed" from all of Banos' files on the basis that it was inaccurate or nonfactual.

Defendant appealed the trial court's decision. We do not reach the merits of Banos' contention. Rather, we conclude that the trial court exceeded its authority, and we now reverse.

II. *Subject matter jurisdiction.* Banos originally filed this equity case under Iowa Code section 692.5 seeking to expunge the term "known to go armed" from his record because he claimed the term was inaccurate. The relevant portion of section 692.5 states:

Any person who files with the bureau a written statement to the effect that a statement contained in the criminal history data that refers to the person is *nonfactual,* or information not authorized by law to be kept, and requests a correction or elimination of that information that refers to that person shall be notified within twenty days by the bureau, in writing, of the bureau's decision or order regarding the correction or elimination. *Judicial review of the actions of the bureau may be sought in accordance with the terms of the Iowa administrative procedure Act.*

(Emphasis added.)

Banos wrote to the department of public safety requesting expungement of the ref-

erence to going armed. The department refused. Its refusal qualified as agency action. *See* Iowa Code 17A.2(9);[1] *Polk County v. Iowa State Appeal Board,* 330 N.W.2d 267, 276 (Iowa 1983). Banos' statutory remedy at that point was to seek judicial review pursuant to the Iowa administrative procedure act found in Iowa Code chapter 17A. Section 17A.19 outlines the judicial review provisions and limits judicial review in this manner:

Except as expressly provided otherwise by another statute referring to this chapter by name, the judicial review provisions of this chapter shall be the exclusive means by which a person or party who is aggrieved or adversely affected by agency action may seek judicial review of such agency action.

Banos, however, initially sought equity relief under section 692.5, which does not give an equity court any independent power to fashion a remedy for inaccurately kept criminal history data records. The remedy mentioned in section 692.5 is that of judicial review and is found in section 17A.19. That remedy is exclusive.

Banos later amended his petition to seek equity relief under section 692.6. The defendant contends that the amendment was improperly granted. Assuming without deciding that the amendment was properly allowed, we conclude that under section 692.6 the court still lacked the authority to grant Banos the equity relief he sought.

Iowa Code section 692.6 specifies civil causes of action for violations of the dissemination provisions of chapter 692. Section 692.6 states in part:

Any person may institute a civil action for damages under chapter 25A or 613A or to restrain the dissemination of the person's criminal history data or intelligence data in violation of this chapter....

---

1. The definition of agency action in Iowa Code section 17A.2(9) reads:

*"Agency action"* includes the whole or a part of an agency rule or other statement of law or policy, order, decision, license, proceeding, investigation, sanction, relief, or the equivalent or a denial thereof, or a failure to act, or any other exercise of agency discretion or failure to do so, or the performance of any agency duty or the failure to do so.

Notably, a person seeking damages under this section is referred to other chapters which contain provisions explaining how and when to file an action. A person wishing to restrain the dissemination of data, however, is not referred to any other section because the act of disseminating data constitutes agency action. *See* Iowa Code § 17A.2(9). Iowa Code sections 692.2 and 692.3 apply to dissemination of criminal history data. To determine if data were disseminated in accordance with the statutory directives in Iowa Code sections 692.2 and 692.3, a court must review the action of the agency disseminating that data. *See generally Feeney v. Scott County,* 290 N.W.2d 885, 887–99 (Iowa 1980) (explaining agency duties and responsibilities under Iowa Code sections 692.2 and 692.3). Thus, a case based on section 692.6 to restrain dissemination of data would first require judicial review of agency action, and because there is no express provision otherwise in section 692.6, the suit must comport with the provisions of section 17A.19.

Although the defendant's brief has framed this issue as one of subject matter jurisdiction, it is actually a question of jurisdiction over the particular case. *See Rerat Law Firm v. Iowa Dist. Court,* 375 N.W.2d 226, 230 (Iowa 1985); *City of Des Moines v. Des Moines Police Bargaining Unit Ass'n,* 360 N.W.2d 729, 730 (Iowa 1985). Our district courts certainly have subject matter jurisdiction to restrain the dissemination of criminal history data pursuant to section 692.6, but to do so they must first judicially review the propriety of the agency action. The authority to review agency action and the procedures to be followed are exclusively contained in section 17A.19.

If the agency action is in error, the equitable relief Banos seeks is available in sections 17A.19(8)[2] and 692.6. To be entitled to that relief, however, Banos must show compliance with the requirements of section 17A.19(1), requiring exhaustion of administrative remedies, and section 17A.19(4), specifying the concise requirements of a petition for judicial review. He has not done so. More importantly, Banos expressly stated in his brief that this suit "is not a judicial review action." Courts have a duty to refuse to decide controversies that are not properly before them. *City of Des Moines,* 360 N.W.2d at 730. The district court should not have entertained this action, and the defendant's motion to dismiss should have been granted.

III. *Disposition.* The district court exceeded its authority by requiring the department in this equity case to expunge the contested term from its records on the criminal history of Banos. We reverse the trial court's decision and remand to the district court for an order dismissing this action.

REVERSED AND REMANDED.

2. Iowa Code section 17A.19(8) reads:
   The court may affirm the agency action or remand to the agency for further proceedings. The court shall reverse, modify, or grant any other appropriate relief from the agency action, equitable or legal and including declaratory relief, if substantial rights of the petitioner have been prejudiced....