# IN THE SUPREME COURT OF IOWA

No. 10–0985

Filed July 15, 2011

**DEPARTMENT OF PUBLIC SAFETY,
DIVISION OF CRIMINAL INVESTIGATION,
JUDICIAL BRANCH, STATE COURT
ADMINISTRATOR** and **POLK COUNTY
CLERK OF COURT,**

Plaintiffs,

vs.

**IOWA DISTRICT COURT FOR
POLK COUNTY,**

Defendant.

---

Certiorari to the Iowa District Court for Polk County, Odell G. McGhee, District Associate Judge.

Plaintiffs seek certiorari review of a district court order requiring them to remove information relating to a dismissed criminal case from their respective computer systems. **WRIT SUSTAINED.**

Thomas J. Miller, Attorney General, and Pamela D. Griebel and Jeffrey C. Peterzalek, Assistant Attorneys General, for plaintiffs.

Tammy Westhoff Gentry of Parrish Kruidenier Dunn Boles Gribble Parrish Gentry & Fisher, LLP, Des Moines, for defendant.

Michael A. Giudicessi of Faegre & Benson LLP, Des Moines, for Amicus Curiae The Iowa Freedom of Information Council.

**MANSFIELD, Justice**.

The Iowa Judicial Branch, the Iowa State Court Administrator, and the Polk County Clerk of Court (collectively referred to as "the Judicial Branch") and the Department of Public Safety, Division of Criminal Investigation (referred to as "DPS") challenge through original certiorari proceedings the legality of a district court order requiring the removal of information relating to a dismissed criminal case from their respective computer systems. With respect to the Judicial Branch, we adopt the reasoning set forth in our companion case decided today, *see Judicial Branch v. Iowa Dist. Ct. for Linn County*, 800 N.W.2d 569 (Iowa 2011), and find the judiciary's computerized docket is not covered by Iowa Code section 692.17(1) (Supp. 2009).[1] Regarding DPS, we hold that Iowa Code section 692.5 (2009) provides the exclusive remedy for persons seeking the removal of criminal history data from the records of that agency. For these reasons, we sustain the requested writ of certiorari in full.

## I. Background Facts and Proceedings.

In May 2009, C.R.[2] was charged with assault causing bodily injury in Polk County District Court. She pled not guilty. On August 28, the State filed a notice of intent not to prosecute the charge, citing "insufficient evidence." The district court dismissed the charge on the same date.

On February 10, 2010, C.R. filed an application to expunge the dismissed criminal charge pursuant to Iowa Code section 692.17.[3] The

---

[1]All statutory citations are to the 2009 supplement unless specifically noted otherwise herein.

[2]We will refer to C.R. by her initials only.

[3]Section 692.17(1) provides that "[c]riminal history data in a computer data storage system shall not include arrest or disposition data or custody or adjudication data after the person has been acquitted or the charges dismissed . . . ."

request was submitted under the dismissed criminal case docket number and sought the removal of any and all criminal history data from the computer data storage systems for "the Department of Public Safety, the Division of Criminal Investigation, the Bureau of Identification, [and] the Iowa Courts Information System (ICIS) or its parent bureau." On February 17, the district court entered an order granting the request.

However, after receiving a communication from the attorney general's office, the district court on February 24 suspended its previous order, noting that Iowa Code section 692.17 "has not been extensively litigated, and there are differing perspectives on interpretation and applicability." The court set C.R.'s request for a hearing. Before the scheduled hearing, the attorney general filed a formal resistance to the expungement request. The attorney general argued, *inter alia*: (1) the only procedural mechanism for seeking removal of information from DPS's computer system is an administrative request under Iowa Code section 692.5 followed by judicial review under chapter 17A; (2) the district court lacked inherent authority to enter an expungement order in a previously dismissed criminal case; and (3) the Judicial Branch's dockets are not subject to purging under Iowa Code section 692.17.

In response, C.R. expanded her request for expungement to include the Polk County Sheriff, the Polk County Attorney, and the Des Moines Police Department. She further asserted an equal protection argument under the Iowa Constitution, stating, "It is illogical and unequal that cases where judgments are deferred would be expunged, but those cases where a dismissal results would remain."

On June 10, the district court issued a ruling reaffirming its prior order. The court reasoned that "the act of expunging records has historically and regularly been ordered by both criminal courts and

sentencing courts." The court also found that the administrative process afforded by Iowa Code section 692.5 and judicial review therefrom were not the exclusive remedy for a person seeking deletion of records from the DPS computer system. Lastly, the court concluded that the electronic docket entries on ICIS and the website Iowa Courts Online relating to C.R.'s dismissed case were covered by section 692.17(1).[4] The court added that even if the statute did not apply to the Judicial Branch, the Equal Protection Clause in Article I section 6 of the Iowa Constitution would be violated if criminal cases resulting in deferred judgments could be expunged from the public docket, but not criminal cases resulting in dismissals or acquittals.[5]

On June 14, the attorney general filed a petition for writ of certiorari. We granted the petition on July 7.

**II. Issues Presented.**

Both the Judicial Branch and DPS ask us to sustain the writ of certiorari and vacate the district court's order. The Judicial Branch raises the same arguments that were presented in *Judicial Branch v. Iowa District Court for Linn County.* For the reasons set forth in that opinion, we sustain the requested writ in favor of the Judicial Branch.

DPS, by contrast, raises other grounds for why it should not have been ordered to delete records relating to C.R.'s proceeding. First, DPS contends that section 692.5 operates as an exclusive administrative remedy whenever expungement of its records is sought pursuant to

---

[4]In reaching this conclusion, the district court found that the Judicial Branch was a "criminal justice agency" within the meaning of chapter 692. *See* Iowa Code § 692.1(7) (2009) (defining "criminal or juvenile justice agency"). This aspect of the district court's ruling was not challenged by the attorney general in its briefing either here or below. Therefore, we do not pass judgment on it.

[5]The court did not expressly rule on C.R.'s request that the expungement order be broadened to cover additional entities beyond DPS and the Judicial Branch.

chapter 692. Second, DPS maintains that a district court does not have inherent, nonstatutory authority to revive a dismissed criminal case for the purpose of ordering a nonparty, such as DPS, to delete records.

### III. Standard of Review.

When we consider a writ of certiorari alleging the district court has exceeded its proper jurisdiction, we review for the correction of errors at law. *State v. Iowa Dist. Ct.*, 750 N.W.2d 531, 534 (Iowa 2008).

### IV. Exclusivity of Section 692.5's Remedy as to DPS.

We believe this case is controlled by the plain language of section 692.5 and by our prior decisions. If a person believes DPS is maintaining criminal history data in violation of chapter 692, he or she is provided the following avenue for relief:

> Any person who files with the division [i.e., the Division of Criminal Investigation] a written statement to the effect that a statement contained in the criminal history data that refers to the person is nonfactual, or information not authorized by law to be kept, and requests a correction or elimination of that information that refers to that person shall be notified within twenty days by the division, in writing, of the division's decision or order regarding the correction or elimination. Judicial review of the actions of the division may be sought in accordance with the terms of the Iowa administrative procedure Act, chapter 17A. . . .
>
> . . . *The provisions of this section shall be the sole right of action against the department [i.e., DPS], its subdivisions, or employees regarding improper storage or release of criminal history data.*

*Id.* § 692.5 (2009) (emphasis added). Notably, the General Assembly said that an administrative filing, followed by judicial review if necessary under chapter 17A, constituted the "sole right of action" against DPS. The exclusivity of this remedy has previously been noted by our court on two occasions.

In *State, Department of Public Safety v. Woodhall*, 376 N.W.2d 897 (Iowa 1985), we first recognized the exclusivity of the section 692.5 remedy. There Woodhall had pled guilty to third-degree theft. 376 N.W.2d at 897. After successfully completing his probation, he sought an order in his criminal case to have his fingerprints on file with the department and other law enforcement agencies destroyed. *Id.* at 898. We ultimately held the district court lacked jurisdiction to enter such an order within the criminal case. We explained:

> The essence of the order here challenged was that the department had acted improperly in retaining defendant's fingerprint records in its files. Exclusive jurisdiction over that subject matter—agency action involving recordkeeping responsibilities—is vested in judicial review proceedings pursuant to Iowa Code chapter 17A, the Iowa Administrative Procedure Act. The criminal court had no jurisdiction to address and decide the propriety of that agency action.

*Id.* This did not mean that Woodhall was without a remedy. Citing section 692.5, we said that Woodhall

> may examine criminal history data, request correction of data maintained by the department, and obtain judicial review pursuant to Iowa Code chapter 17A. The district court's jurisdiction in such a proceeding is exclusive; the criminal court does not have concurrent jurisdiction over those agency recordkeeping functions.

*Id.* at 899.

Three years later, in *Banos v. Shepard*, 419 N.W.2d 364 (Iowa 1988), we again rejected an attempt by an individual to sidestep the section 692.5 process. There Banos wrote DPS and requested it remove two pieces of information from his criminal history data. 419 N.W.2d at 365. DPS deleted one of the items, but refused to remove the other. *Id.* Banos then filed an original petition in equity in the district court seeking removal of the latter item. *Id.* The district court granted the requested relief, but we reversed on appeal. We held that section 692.5

does not give an equity court any independent power to fashion a remedy for inaccurately kept criminal history data records. The remedy mentioned in section 692.5 is that of judicial review and is found in section 17A.19. That remedy is exclusive.

*Id.* at 366.

In short, section 692.5 provides the exclusive administrative remedy for a person such as C.R. seeking removal of criminal history data from DPS files. It is not appropriate to bring a direct civil action (as in *Banos*) or to use a prior criminal case (as in *Woodhall* and here) for that purpose. Because we agree with DPS's first argument for vacating the district court's order, we need not address its alternative argument that a district court lacks inherent, nonstatutory authority to order a nonparty, such as DPS, to delete records.

## V. Conclusion.

We find the district court acted without jurisdiction and sustain the writ of certiorari.

**WRIT SUSTAINED.**