# IN THE COURT OF APPEALS OF IOWA

No. 14-1878
Filed October 28, 2015

**STATE OF IOWA,**
　　Plaintiff-Appellee,

**vs.**

**CHELSEA JO MILLER,**
　　Defendant-Appellant.

_____

　　Appeal from the Iowa District Court for Jasper County, Gregory A. Hulse, Judge.

　　A former defendant appeals from a district court's order denying her amended motion to remove information from online public record computer storage systems. **AFFIRMED.**

　　Andrea M. Flanagan of Sporer & Flanagan, P.L.L.C., Des Moines, for appellant.

　　Thomas J. Miller, Attorney General, Kevin Cmelik and Sharon K. Hall, Assistant Attorneys General, and Michael K. Jacobsen, County Attorney, for appellee.

　　Considered by Doyle, P.J., and Mullins and Bower, JJ.

**MULLINS, Judge.**

Chelsea Miller appeals from a district court's order denying her amended motion to expunge criminal history data from local and state public record computer storage systems relating to her arrest and subsequently-dismissed criminal charges. She contends the district court erred by applying controlling legal authority involving dismissals for reasons other than factual and legal exoneration to find that it lacked authority to order her requested relief. She also contends the district court's denial of her motion violated her constitutional rights to privacy and equal protection under the federal and state constitutions by allowing the information to remain available for public view.

On August 6, 2012, the State charged Miller by trial information with child endangerment, a class "B" felony, pursuant to Iowa Code section 726.6(1)(a), (3), and (4) (2011). On February 3, 2014, the State filed a motion for order of dismissal, stating that as a result of the jury verdict in Joseph Olea's criminal trial,[1] Miller "has been exonerated in this case and . . . a conviction beyond a reasonable doubt can[not] be obtained." That same day, the district court granted the State's motion and dismissed the charges against Miller. In September 2014, Miller moved to expunge the matter from public record under Iowa Code chapter 692. The State did not object and did not file a resistance. On October 14, 2014, the district court entered an order denying Miller's motion, concluding that it did not have the authority to grant Miller her requested relief

---

[1] Joseph Olea was the biological father of K.O., whose death was the subject of Olea's criminal trial. *State v. Olea*, No. 14-0218, 2015 WL 2406757 (Iowa Ct. App. May 20, 2015).

pursuant to the Iowa Supreme Court's decisions in two cases: *Department of Public Safety, Division of Criminal Investigation v. Iowa District Court for Polk County*, 801 N.W.2d 544 (Iowa 2011), and *Judicial Branch and State Court Administrator v. Iowa District Court For Linn County*, 800 N.W.2d 569 (Iowa 2011).

Miller claims, based upon factually-distinguishable circumstances in her case, that (1) rather than being acquitted or having her charges dismissed because of a legally-flawed prosecution or insufficient evidence, she was exonerated prior to trial based upon the evidence presented in another criminal trial; and (2) she sought to expunge records of a felony charge rather than misdemeanor charges, *Linn County* and *Polk County* do not apply. She further argues there is no public interest in maintaining records of individuals who were wrongfully charged and later found to be factually innocent by way of exoneration.

We find the *Linn County* and *Polk County* cases are controlling and the district court correctly concluded that it lacked authority to order the removal of all criminal history data relating to her arrest and subsequently-dismissed charges from public criminal justice agency records.[2] In *Polk County*, the supreme court held that district courts do not have authority to order state criminal justice agencies to expunge criminal history information relating to a dismissed criminal

---

[2] The State points out in its brief that the district court's authority to grant Miller's requested relief will change on January 1, 2016, when newly-enacted Iowa Code section 901C.1 becomes effective. We offer no opinion as to the effect of that statutory change on Miller's requested relief.

case from their computer systems. 801 N.W.2d at 547–48. In *Linn County*, the supreme court held that criminal history data relating to a dismissed case or charges is not subject to removal from the statewide computerized docket system. 800 N.W.2d at 573–78.

Miller also argues that the district court erred in denying her motion to expunge because it is a violation of her constitutional right to equal protection under both the federal and state constitutions to allow the information to remain available for public view.[3] In *Linn County*, the supreme court rejected a similar equal protection claim, holding that the Iowa legislature could have rationally determined that persons who have been acquitted or had criminal charges dismissed should have their records accessible to the public. 800 N.W.2d at 579. Therefore, we affirm.

**AFFIRMED.**

---

[3] Miller also argues that the public record violates her constitutional right to privacy under article 1, section 7 of the Iowa constitution. "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012) (quoting *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002)). "Our error preservation rules apply with equal force to constitutional issues." *In re Det. of Matlock*, 860 N.W.2d 898, 910 (Iowa 2015). Miller did not raise this claim in the district court and the district court did not rule on it. Therefore, we find Miller did not properly preserve this claim for our review and it is waived. *See id.* at 911.